## STATE v. MODIN PARKER.

(Filed 2 March, 1910.) ·

**Carrying Concealed Weapon—Verdict Unresponsive—Intent.**

A verdict of "guilty of carrying a concealed weapon in a suitcase" is not responsive to the charge in a bill of indictment for carrying a concealed weapon, contrary to the statute, and on motion made, it should be set aside as failing to find the fact of concealment and the intent.

APPEAL by defendant from *Guion, J.,* at August Term, 1909, of PITT.

The facts are stated in the opinion of the Court.

*Attorney-General Bickett* and *G. L. Jones* for plaintiff.
*Julius Brown* for defendant.

WALKER, J. The defendant was indicted, in the court below, for the statutory crime of carrying a concealed weapon. The case shows that testimony was introduced by the State tending to prove that the defendant had been seen with a pistol in his hand. The defendant testified in his own behalf that he had not carried the pistol, as charged in the indictment, but on cross-examination he admitted that about two months before the indictment was found he had moved from his former residence to another house in the town where he lived, and while so moving his household effects he put his pistol in his dress-suit case and carried it from his old to his new home. This was all the testimony in the case.

The defendant requested the court to charge the jury that, upon all the evidence, they should render a verdict of not guilty. This prayer of the defendant was refused by the court and he duly excepted, but it is not necessary for us to consider this exception, as we are of the opinion that the verdict rendered by the jury is not sufficient in form or substance to sus-

tain the judgment which was rendered by the court thereon, and by which the defendant was required to pay a fine of $10 and the costs.

The jury, under the instructions of the court and the evidence in the case, returned the following verdict: "Guilty of carrying a pistol in his suitcase." The defendant moved to set aside this verdict as uncertain and not responsive to the charge contained in the indictment and, therefore, as insufficient to support the judgment of the court. This motion was denied and the defendant excepted. In this ruling against the defendant, we are of the opinion that the court committed an error. The Attorney-General, with his accustomed frankness and fairness, and evidently after a thorough investigation and consideration of the questions involved in this exception of the defendant, admitted that the verdict is fatally defective. We quote from his excellent brief, as follows: "This exception, I think, should have been sustained. The verdict is not responsive to the charge in the bill of indictment. There is no such offense as 'carrying a pistol in a suitcase' known to our criminal law. The verdict does not purport to be a special one and cannot be so regarded. As a general verdict, it establishes nothing—neither the guilt nor the innocence of the defendant. The essence of the statutory offense, which is alleged in the indictment to have been committed by the defendant, is an intentional concealment of the deadly weapon, and this vital and, of course, essential fact is not established by the verdict, either expressly or by necessary implication. *S. v. Arrington,* 7 N. C., 571; *S. v. Whitaker,* 89 N. C., 472; *S. v. Hudson,* 74 N. C., 246; *S. v. Godwin,* 138 N. C., 586; *S. v. McKay,* 150 N. C., 816."

In *Hudson's case* the defendant was indicted for an assault, and the verdict was "Guilty of shooting," with reference to which the Court said: "The verdict, standing by itself, is, therefore, senseless; certainly it is not responsive to the indictment. The court should never allow such absurd and irresponsive verdicts to be recorded."

In *Whitaker's case* the defendant was indicted for larceny of cotton belonging to one Parker, with a count in the bill for receiving the cotton, knowing it to have been stolen. The verdict was, "Guilty of receiving stolen cotton," and the Court held that it was insufficient as a basis for a judgment, using the following language: "The verdict is not sufficiently responsive to the issue, and whenever it is imperfect, informal, insensible, or one that is not responsive to the indictment, the jury may be directed to reconsider it, with a proper instruction as to the form in which it should be rendered. But if such a verdict is

STATE *v*. PARKER.

received by the court, it will be error to pronounce judgment upon it." To the same effect are the following authorities: Abbott's Trial Brief (2 Ed.), p. 745; Clark's Criminal Procedure, p. 485; Wharton's Cr. Pl. and Pr., sec. 756.

A very instructive opinion on the general subject of uncertain or indefinite verdicts will be found in *S. v. Newsome*, 3 W. Va., 859. At the close of an able and lengthy opinion, the judge who spoke for the Court says: "We cannot approve of taking from a citizen his liberty upon a verdict that neither alludes to the indictment nor uses language to show a conviction of the crime charged therein. If the jury intended to find the defendant guilty of the offense as charged in the indictment, they should have said so, and the court should have seen that the verdict so declared, or should have refused to receive it."

If the verdict is treated as a special one, the facts found do not warrant the court in proceeding to judgment. A careful examination of the decisions of this Court upon the question will reveal the fact that the gist of the offense, under the law, is the intentional concealment of the weapon. The present Chief Justice, in *S. v. Dixon*, 114 N. C., 850, reviews the authorities and concludes as follows: "In trials for this offense it should be borne in mind that the guilty intent is the intent to carry the weapon concealed, and does not depend upon the intention to use it." We held in *S. v. Simmons*, 143 N. C., 616, as follows: "It is not necessary to a conviction of this offense that the State should show an intention to use the deadly weapon for any unlawful purpose, for it is the intent to conceal and not the intent to use, in any particular way, that renders the act of carrying a weapon criminal."

The jury, by their verdict in this case, have not found the fact of the concealment or the intention to conceal. As stated by the Attorney-General in his brief: "The facts contained in the verdict may constitute evidence of concealment and of intent to conceal, but such proof does not take the place of a verdict. The verdict may be entirely consistent with the guilt of the defendant, but is not inconsistent with his innocence. In *S. v. Gilbert*, 87 N. C., 527, *Justice Ruffin*, for the Court, said that concealment means something more than being out of sight. 'It implies an assent of the mind and a purpose to so carry the weapon that it may not be seen.' When it clearly appears, as shown in *Simmons' case*, that a man willfully and knowingly conceals a deadly weapon, an intention to conceal may be predicated upon such a finding by the jury. But no such fact is stated in the verdict under consideration."

Our conclusion is that the judgment of the court is not supported by the verdict as rendered by the jury, and for this reason it is ordered that the judgment and verdict be set aside and a new trial awarded.

New trial.