FAY B. SITTERSON v. W. J. SITTERSON.

(Filed 3 March, 1926.)

**1. Judgments—Verdict.**

The judgment of the court must conform to the verdict as a matter of right to the one in whose favor it was rendered.

**2. Appeal and Error—Judgments—Discretion of Court—Record.**

Where the judgment has been set aside as a matter within the discretion of the trial judge, an appeal will not be considered; but this should appear of record.

**3. Verdict—Pleadings—Evidence—Instructions.**

A verdict of the jury will be considered on appeal in connection with the pleadings, the evidence, and the instruction of the court.

**4. Divorce—Statutes—Husband and Wife—Separation—Criminal Law.**

A separation by the husband from his wife for a period of five years by reason of his incarceration for the commission of a crime, under sentence of a court, is not sufficient for the wife to obtain a divorce *a vinculo*, under our statute.

CIVIL ACTION for absolute divorce, tried before *Sinclair, J.*, of HERTFORD.

The plaintiff instituted this action for absolute divorce from the defendant upon the ground of separation of husband and wife for a period of five successive years.

Plaintiff testified as to the marriage, and there was testimony to the effect that the defendant had been convicted of murder at the February Term, 1915, of the Superior Court for Hertford County and sentenced to the State's prison for twenty years. There was also testimony by the plaintiff to the effect that the plaintiff and the defendant had lived separate and apart for more than ten years, and the plaintiff had not seen her husband in ten years, and that she had resided in the State all her life.

The following issues were submitted to the jury:

1. Were the plaintiff and the defendant married as alleged in the complaint?

2. Was there a separation between the plaintiff and the defendant, without fault on the part of the plaintiff, and have they lived separate and apart for five successive years as alleged in the complaint?

3. Has the plaintiff resided in this State for five years next prior to the bringing of this action?

The judge charged the jury with respect to each issue as follows: "If you find the facts as testified to you will answer the issue 'Yes'—with your permission I will answer it for you." Thereupon each issue was answered "Yes."

The plaintiff tendered a judgment in accordance with the issues and verdict, decreeing that the bonds of matrimony existing between the plaintiff and the defendant be dissolved. The trial judge refused to sign the judgment so tendered by the plaintiff, but signed the following judgment:

"This cause coming on to be heard before his Honor, N. A. Sinclair, judge, and jury, and being heard upon the following issues submitted to the jury, to wit:

1. Were the plaintiff and defendant married as alleged in the complaint?

2. Was there a separation between the plaintiff and defendant, without cause on the part of the plaintiff, and have they lived separate and apart for five successive years, as alleged in the complaint?

3. Has the plaintiff resided in this State for five years next prior to the bringing of this action?

And the jury having answered to each and every issue "Yes":

It is ordered, adjudged and decreed that plaintiff recover nothing by her said action, and pay the costs thereof to be taxed by the clerk of this court.                    N. A. SINCLAIR,

*Judge Presiding."*

Plaintiff excepted and appealed, the record showing the following: "The only exception was to the judgment as signed."

*Lloyd J. Lawrence for plaintiff.*
*No counsel for defendant.*

BROGDEN, J.   C. S., 1659, prescribes the grounds upon which an absolute divorce may be granted by the courts. Subsection 4 provides that an absolute divorce may be granted on application of the party injured "if there has been a separation of husband and wife, and they have lived separate and apart for five successive years, and the plaintiff in the suit for divorce has resided in this State for that period." Therefore, the injured party, in order to secure an absolute divorce, is required to allege and prove:

1. The marriage.

2. Separation for five successive years.

3. That the plaintiff in the suit has resided in this State for that period prior to bringing the suit.

The verdict of the jury, under proper instructions from the court, has established all the essential requirements for an absolute divorce.

A verdict is the unanimous decision made by a jury and reported to the court. *Smith v. Paul,* 133 N. C., 69. It is also a substantial right. *Wood v. R. R.,* 131 N. C., 48.

If the verdict, as rendered by the jury, was allowed to stand, nothing else appearing, the plaintiff was entitled in law, and as a matter of right, to a judgment thereon and in accordance therewith. *Winn v. Finch,* 171 N. C., 276; *Durham v. Davis,* 171 N. C., 308.

In the *Durham case, supra,* the principle is tersely expressed as follows: "There is no principle of law more firmly established than that the judgment must follow and conform to the verdict or findings."

The principle is amplified by *Hoke, J.,* in *Lawrence v. Beck,* 185 N. C., 200, in the following language: "In this jurisdiction, and others basing their system of jurisprudence on common-law principles, a judgment is but the conclusion that the law makes upon the facts admitted or authoritatively established in the course of a properly constituted suit, and where in such a proceeding the ultimate facts have been so ascertained and declared, the correct judgment must follow and be entered thereon as of right." *Beard v. Hall,* 79 N. C., 506; *Durham v. Hamilton,* 181 N. C., 232.

The court had the power to set aside the verdict, but none to reverse the answers of the jury. *Sprinkle v. Wellborn,* 140 N. C., 163; *Bartholomew v. Parrish,* 186 N. C., 81. It cannot be contended that the judgment as signed was in effect equivalent to setting aside the verdict, because when a verdict is set aside by the trial judge, it should appear of record whether it was set aside as a matter of law or in his discretion. *Abernethy v. Yount,* 138 N. C., 337; *Jarrett v. Trunk Co.,* 142 N. C., 468; *Garland v. Arrowood,* 177 N. C., 371. No such entry appears in this case.

However, there is another principle of law applicable to this case which bears a vital relation to the determination of the merits of the appeal, and that is, that the verdict must be construed with the evidence and pleadings. *Bank v. Wysong & Miles Co.,* 177 N. C., 289; *Jones v. R. R.,* 176 N. C., 260; *Weldon v. R. R.,* 177 N. C., 182. The rule is thus stated by *Hoke, J.,* in *Reynolds v. Express Co.,* 172 N. C., 491: "It is a recognized principle in our system of procedure that a verdict may be interpreted and allowed significance by proper reference to the pleadings, evidence, and the charge of the court." *S. v. Snipes,* 185 N. C., 747. The complaint alleges that the plaintiff and the defendant were married 17 October, 1913, and at the February Term, 1915, of the Superior Court of Hertford County the defendant was convicted of murder in the second degree and sentenced to the State's prison for a period of twenty years, and was immediately incarcerated therein, and that there has been a *"separation of the plaintiff and the defendant* ever since said February Term, 1915, of said Superior Court," the defendant having abandoned the plaintiff and continuously lived separate and apart from said defendant ever since said February Term of said

court; that defendant was pardoned on or about 1 January, 1925, and the plaintiff has not seen or heard from the defendant for a period of over five years."

These allegations in the pleadings raise the question as to whether or not imprisonment for crime for a period of five years or more effects a separation of husband and wife so as to permit either party to secure a divorce under C. S., 1659, subsec. 4.

In the case of *Lee v. Lee,* 182 N. C., 61, it was held that a husband whose wife had been placed in the asylum had not been wronged by her, and he had no ground for divorce by reason of the incarceration of the wife for a period in excess of the statutory time prescribed as a basis for absolute divorce. The plaintiff insists that the principle announced in the *Lee case* is not applicable for the reason that the defendant was confined in the asylum for no fault on her part; whereas, in the present case, this defendant was sentenced to the State's prison because of his own voluntary wrong against society and her. The separation in the *Lee case* was involuntary. Involuntary separation is not such a severance of the marital relation as the law contemplates. The separation in the present case was involuntary. The defendant was incarcerated in the State's prison by force of law. It would impose too great a burden upon reason to suggest that the defendant committed the crime of murder for the purpose of being incarcerated in the penitentiary in order to effect a separation from his wife or to sever the marital relation. Certainly, allegation and proof to that effect would be necessary. The underlying idea of separation is an intent by one or both of the parties to sever the marital status. To hold that a separation brought about by imprisonment for more than five years would constitute a cause of action for absolute divorce, would in effect constitute a *judicial enactment* of a new ground for divorce in North Carolina, to wit, imprisonment for five years. If such ground for divorce is desirable, its appeal should be made to the Legislature and not to the courts. Indeed, it would seem that the policy of the law, as it now stands, condemns imprisonment for a felony as a ground for "absolute divorce." In 1887 the Legislature of North Carolina enacted chapter 100, Public Laws 1887, amending section 1285 of The Code of 1883, by prescribing a new ground for divorce, to wit: "If the husband shall be indicted for a felony and flee the State and does not return within one year from the time the indictment is found." This statute was expressly repealed by chapter 490, Public Laws 1905. The repealing clause was strong and sweeping and is in this language: "That all laws creating any cause for divorce enacted since the Session of 1883 be and the same are hereby repealed." While, perhaps, this has no direct bearing upon the case at issue, yet, by fair deduction, it would seem to

be the expressed policy of the law to eliminate felonies and imprisonment therefor as grounds for absolute divorce, and to further declare that such grounds should not only be no further extended, but entirely eliminated, for the reason that no legislative enactment since 1905 has attempted to restore the former statute.

It may be that the plaintiff in this action has been greatly wronged and humiliated by the unlawful shedding of blood done by her husband; but, as stated by the late *Chief Justice Clark* in the case of *Lee v. Lee, supra,* "With us the law-making power has adhered to the obligation of the marriage vow, that the parties 'take each other for better or for worse, to live together in sickness and in health till death do them part,' with the exceptions only where the misconduct of the parties, and not their misfortunes, are made by our statute to justify the divorce."

Upon the record, we hold that the ruling of his Honor in dismissing the action was correct.

Affirmed.