STATE v. LESTER MULL.

(Filed 4 May, 1927.)

**Intoxicating Liquor—Possession at Home of Accused—Statutes.**

> The mere possession of spirituous liquor in the home for the use of the owner, his family and their guests on the premises in the absence of a count in the indictment charging that it was for prohibited purposes, is not made unlawful by our prohibition statutes. C. S., 3411 *et al.*

APPEAL by defendant from *Finley, J.,* at January Criminal Term, 1927, of GASTON.

Criminal prosecution, tried upon an indictment charging the defendant, in eight separate counts, with violations of the prohibition laws, on 16 January, 1927, as follows:

1. Manufacturing intoxicating liquors. C. S., 3367 and 3411 (b).

2. Receiving spirituous or vinous liquors or intoxicating bitters during the space of fifteen consecutive days, in a quantity or quantities totaling more than one quart. C. S., 3386.

3. Transporting intoxicating liquors. C. S., 3411 (b).

4. Having and keeping in possession spirituous or vinous liquors for the purpose of sale. C. S., 3379 and 3411 (b).

5. Selling intoxicating liquors for gain. C. S., 3378 and 3411 (b).

6. Delivering, furnishing, purchasing, or possessing intoxicating liquors. C. S., 3411 (b).

7. Possessing for sale utensils, paraphernalia, etc., intended for use in the unlawful manufacture of intoxicating liquors. C. S., 3411 (d).

8. Receiving spirituous or intoxicating liquors.

The evidence on behalf of the State—there was none offered by the defendant—tends to show that on Sunday, 16 January, 1927, four officers went to the home of the defendant in Gaston County with a proper search warrant to search his dwelling-house and premises for intoxicating liquor. They found a pint bottle in the kitchen, or cook room, on a shelf, about two-thirds full of liquor. A woman living in the house with the defendant said the bottle belonged to her. It does not appear in the evidence who this woman was, or in what capacity she was there. The defendant was present when the search was made. The officers left without making any arrest, but returned about nine-thirty or ten o'clock that night and took the defendant into custody.

During the summer previous to this, the officers had found thirty-five pints of liquor in the woods about 250 yards from the filling station operated by the defendant, which is some distance from his house, but they did not charge him with having it, as they could not connect him with it, or prove that it was his.

Verdict: "Guilty of receiving and possessing."

Judgment: Imprisonment in the common jail of Gaston County for a period of two years, and assigned to work upon the public roads of said county.

Defendant appeals, assigning errors.

*Attorney-General Brummit and Assistant Attorney-General Nash for the State.*

*A. A. Tarlton for defendant.*

STACY, C. J., after stating the case: The fact situation, out of which the law of this case arises, especially when viewed in the light of the verdict, is different from any heretofore presented for our consideration.

The eighth count in the bill of indictment is bad, and may be disregarded. It was said in *S. v. Hammond,* 188 N. C., 602, that the mere receipt of liquor, in one's home, for a lawful purpose, is not forbidden by any proper construction of the statute. The word "receive" is nowhere used in the statute; hence, the verdict on the eighth count is apparently without warrant of law.

The mere possession of intoxicating liquor at any place, whether in one's private dwelling or elsewhere, is made by the statute *"prima facie* evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of, in violation of the provisions of this act." C. S., 3411 (j); *S. v. Hammond, supra; S. v. Meyers,* 190 N. C., 239. The statute further provides: "But it shall not be unlawful to possess liquor in one's private dwelling while the same is occupied and used by him as his dwelling only, provided such liquor is for use only for the personal consumption of the owner thereof, and his family residing in such dwelling, and of his bona fide guests when entertained by him therein."

Here the jury has acquitted the defendant on the fourth count, in which he was charged with having in his possession spirituous liquors for the purpose of sale, and he is not charged with having it in his possession for the purpose of giving it away, or otherwise disposing of it, in violation of the provisions of the Turlington Act. Chapter 1, Public Laws 1923.

We are, therefore, face to face with the question as to whether the mere possession in one's home of two-thirds of a pint of liquor is unlawful when there is neither finding nor allegation that such possession is for a purpose condemned by the statute.

We agree with the learned Assistant Attorney-General, Mr. Nash, that on the record as presented, the conviction in the instant case cannot be sustained. The jury has found that the liquor in question was not kept

by the defendant for the purpose of sale, and there is no charge in the bill of indictment that it was kept for the purpose of being "given away, or otherwise disposed of." Hence, if it be lawful to possess liquor in one's private dwelling, occupied only as such, for the personal consumption of the owner, his family and *bona fide* guests when entertained therein, we apprehend the failure so to use the liquor, thus kept in one's home, would not make its possession therein unlawful, unless, in addition, such liquor were kept there for some purpose condemned by the statute, with which the present defendant has either been acquitted or not indicted.

Furthermore, if the statement of the woman in the house, who does not appear to have been the defendant's wife, agent or servant, is to be believed, it would appear that the bottle was not in the actual or constructive possession of the defendant. There was no evidence of any possession outside of the defendant's private dwelling, as was the case in *S. v. Baldwin, ante,* 566, *S. v. Sigmon,* 190 N. C., 684, *S. v. Meyers, ibid.,* 239, *S. v. McAllister,* 187 N. C., 400, and the jury has not found that the defendant had the liquor in his home for any purpose condemned by the statute.

We are, therefore, of opinion that, on the record, the defendant is entitled to be discharged.

Reversed.