## STATE v. CHARLIE SHEW.

(Filed 14 December, 1927.)

**1. Criminal Law—Verdict—Judgment—Sentence—Reversal.**

Where the verdict in an indictment charging the receiving of stolen goods knowing them to have been stolen, is "guilty of receiving stolen goods," it is defective as not being responsive to the charge or falling within the requirements of the statute to constitute the offense made in the indictment, and thereon a judgment may not be entered or a sentence imposed.

**2. Same—Appeal and Error—Instructions—Venire de Novo—Courts.**

Where the verdict in a criminal action is not sufficient to support a judgment, it should not be received by the court, but returned to the jury with instructions so that it may be remedied, and where the judge has received the verdict, on defendant's appeal, a *venire de novo* will be ordered.

**3. Criminal Law—Judgments—Defect—Procedure.**

Where the count in an indictment is insufficiently alleged, it may then be cured by the solicitor's sending a correct bill to the grand jury.

APPEAL by defendant from *McElroy, J.,* at August Term, 1927, of WILKES.

Criminal prosecution tried upon an indictment charging the defendant (1) with the larceny of an automobile, the property of "a party to the jurors unknown"; and (2) with receiving said automobile, the property "of the party unknown," knowing it to have been feloniously stolen or taken in violation of C. S., 4250.

Verdict: "Guilty of receiving stolen goods."

Judgment: Imprisonment in the State's prison, at hard labor, for a term of not less than two nor more than three years.

After trial the defendant employed counsel, who lodged motions (1) in arrest of judgment, alleging that the second count in the bill of indictment is defective; and (2) for a *venire de novo* on the ground that the verdict is not sufficient to support a judgment. Motions overruled and defendant appeals.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*J. Hubert Whicker, F. J. McDuffie and Trivette & Comer for defendant.*

STACY, C. J. Consideration of the question as to whether the second count in the bill of indictment is defective, as alleged, is omitted, for the reason that the verdict is insufficient to support a judgment, which necessitates awarding a *venire de novo,* and, with respect to the alleged defect, if any exist, the solicitor can easily cure same by sending another bill to the grand jury.

A similar verdict in almost exact form as the one now presented, was before the Court in the case of *S. v. Whitaker,* 89 N. C., 472. There, the defendant was charged (1) with the larceny of a quantity of cotton, the property of one James H. Parker, and (2) with feloniously receiving said cotton knowing it to have been stolen. The jury returned the following verdict: "Guilty of receiving stolen cotton." Speaking to the insufficiency of the verdict as a basis for judgment, *Ashe, J.,* de-

livering the opinion of the Court, said: "It is not sufficiently responsive to the issue; and whenever a verdict is imperfect, informal, insensible, or one that is not responsive to the indictment, the jury may be directed to reconsider it with proper instructions as to the form in which it should be rendered (citing authorities). But if such a verdict is received by the court and recorded, it would be error to pronounce judgment upon it. The most regular course would be to set aside the verdict and order a *venire de novo.*"

Again, in *S. v. Parker,* 152 N. C., 790, 67 S. E., 35, the defendant was indicted for carrying a concealed weapon in violation of the statute. The verdict returned by the jury was "guilty of carrying a pistol in his suitcase." This was held to be insufficient to support a judgment. In a clear and forceful opinion *Walker, J.,* speaking for the Court, quotes with approval from *S. v. Newsome,* 3 W. Va., 859, as follows: "We cannot approve of taking from a citizen his liberty upon a verdict that neither alludes to the indictment nor uses language to show a conviction of the crime charged therein. If the jury intended to find the defendant guilty of the offense as charged in the indictment, they should have said so, and the court should have seen that the verdict so declared, or should have refused to receive it."

The pertinent authorities were again reviewed in *S. v. Gregory,* 153 N. C., 646, 69 S. E., 674.

Agreeable with these decisions a *venire de novo* must be awarded.

*Venire de novo.*