STATE v. EDGAR BARBEE, ALIAS BUDDIE BARBEE, CHARLES FAIRCLOTH, ORLEY O. SCURLOCK, J. W. GARVIN AND O. S. IVEY.

(Filed 22 May, 1929.)

**Receiving Stolen Goods D c—Verdict in this case held fatally defective.**

Where the evidence is conflicting as to whether the defendant knew at the time of receiving goods that they were stolen, and the charge of the court fails to instruct that finding of such knowledge was necessary for conviction, the verdict of guilty without finding that the defendant possessed such knowledge at the time he received the goods is defective, and a *venire de novo* will be ordered on appeal.

APPEAL by defendant, E. B. Barbee, from *Sink, Special Judge,* at September Term, 1928, of RANDOLPH.

Criminal prosecution tried upon an indictment charging the defendant, E. B. Barbee, and others, (1) with the larceny of a Chevrolet roadster, valued at $564, the property of Johnson Chevrolet Company, and (2) with receiving said Chevrolet roadster, valued at $565, the property of Johnson Chevrolet Company, knowing it to have been feloniously stolen or taken in violation of C. S., 4250.

Verdict: "Not guilty as to John Garvin. Verdict as to Charlie Faircloth, E. B. Barbee and Odell Scurlock, guilty of having car in their possession knowing it to be stolen." (As shown by return to writ of *certiorari,* but not appearing in original record.)

Judgment: Imprisonment in the State's prison as to each of the defendants convicted for not less than five nor more than ten years at hard labor.

The defendant, E. B. Barbee, alone appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*George A. Younce and Walter E. Brock for defendant, Barbee.*

STACY, C. J. The defendants, other than Garvin, admitted that the car in question was found by the officers in their possession, but they denied having received it, knowing at the time that it had been feloniously stolen or taken. C. S., 4250. They offered evidence tending to show that a man by the name of Brooks or Yow came along driving the Chevrolet roadster, picked up the defendants, carried them in the direction of Sanford and on towards Fayetteville, and somewhere near the latter place, the said driver left the automobile, and went off; whereupon the defendants drove the car to the home of the defendant, Garvin, where it was found.

The State contended that Brooks or Yow was but an imaginary person or a mere man of straw, and that the defendants alone were responsible for the larceny of the automobile.

Viewed in the light of the evidence and the charge of the court, the verdict would seem to be defective or insufficient to support a judgment, as it is not responsive to the indictment. *S. v. Shew,* 194 N. C., 690, 140 S. E., 621; *S. v. Whitaker,* 89 N. C., 472. See, also, *S. v. Gregory,* 153 N. C., 646, 69 S. E., 674, and *S. v. Parker,* 152 N. C., 790, 67 S. E., 35. It is not found that the defendants *received* the car in question knowing at the time that the same had been feloniously stolen or taken. *S. v. Dail,* 191 N. C., 231, 131 S. E., 573; *S. v. Caveness,* 78 N. C., 484. Nor was the jury instructed that such a finding would be necessary before the defendants could be convicted on the second count. *S. v. Caveness, supra.*

On the record as it now appears, the appealing defendant is entitled to a *venire de novo;* and it is so ordered.

*Venire de novo.*