STATE v. A. O. SCURLOCK ET AL.

(Filed 2 October, 1929.)

**Receiving Stolen Goods D a—In prosecution for receiving stolen goods a verdict that does not find guilty knowledge is fatally defective.**

Where under an indictment charging the defendant with receiving stolen goods the verdict does not find guilty knowledge of the defendant at the time of receiving them it is fatally defective, and upon application for *certiorari* when this defect is made to appear a *venire de novo* will be ordered.

APPLICATION by A. O. Scurlock for *certiorari* to review record in case of *S. v. Scurlock et al.,* tried at the September Term, 1928, of RANDOLPH.

It appears from the application and record that Charles Faircloth, Edgar Barbee, J. W. Garvin and Osley O. Scurlock were tried upon an indictment charging them (1) with the larceny of a Chevrolet roadster, valued at $564.00, the property of Johnson Chevrolet Company, and (2) with receiving said Chevrolet roadster, valued at $564.00, the property of Johnson Chevrolet Company, knowing it to have been feloniously stolen or taken in violation of C. S., 4250.

Verdict: "Not guilty as to John Garvin. Verdict as to Charlie Faircloth, E. B. Barbee and Odell Scurlock, guilty of having car in their possession, knowing it to be stolen."

Judgment: Imprisonment in the State's prison as to each of the defendants convicted for not less than five nor more than ten years at hard labor.

The defendants and each of them gave notice of appeal to the Supreme Court. E. B. Barbee alone perfected his appeal, *ante,* 248, though petitioner was under the impression that his appeal would be considered along with his codefendant's, as his counsel had so advised him.

Writ of *certiorari* ordered to issue.

*Walter E. Brock for petitioner.*

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

STACY, C. J. The petitioner's application for writ of *certiorari,* in lieu of an appeal, has been allowed in the instant case because it appeared on the face of the record proper in Barbee's appeal, *ante,* 248, that the verdict as rendered was not responsive to the indictment,

did not convict the defendants of a crime and was not sufficient to support a judgment. *S. v. Shew,* 194 N. C., 690, 140 S. E., 621.

The verdict fails to find that the defendants *received* the car in question, knowing at the time that the same had been feloniously stolen or taken. *S. v. Caveness,* 78 N. C., 484.

It is conceded by the Assistant Attorney-General, Mr. Nash, that the petitioner is entitled to a *venire de novo.* It is so ordered.

*Venire de novo.*