STATE v. CHARLEY BEAL ET AL.

(Filed 19 December, 1930.)

**Receiving Stolen Goods D c—A verdict failing to find that defendant knew goods to be stolen at time of receiving is defective.**

> Where the defendants are tried for storebreaking, larceny and receiving stolen property, and a verdict of guilty on the last count is rendered without a finding that the defendants knew the goods to be stolen at the time of receiving them, the verdict is fatally defective, and the defendants' motions, aptly made, to set aside the verdict or in arrest of judgment should be allowed, and a *venire de novo* will be ordered on appeal when the motions have been denied.

APPEAL by defendants from *Finley, J.,* at March-April Term, 1930, of CHEROKEE.   *Venire de novo.*

This is a criminal action in which defendants were tried on an indictment for storebreaking, larceny and receiving stolen goods, knowing same to have been stolen.

The verdict returned by the jury as shown by the record was as follows: "All of the defendants guilty on the third count, of having these goods in their possession, knowing them to have been stolen.   Not guilty as to breaking and entering, and for larceny."   From judgment on the verdict, defendants appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Dillard & Hill and Moody & Moody for defendants.*

PER CURIAM. After the return of the verdict as shown by the record, defendants and each of them moved that the same be set aside. This motion was overruled and defendants excepted. Defendants then moved in arrest of judgment. This motion was overruled and defendants again excepted. Their assignments of error based on these exceptions must be sustained. *S. v. Barbee,* 197 N. C., 248, 148 S. E., 249, and cases there cited.

On the record the defendants are entitled to a *venire de novo.* It is so ordered.

*Venire de novo.*