## STATE v. JOE LASSITER.

(Filed 22 May, 1935.)

**Intoxicating Liquor B c—Verdict of "Guilty of possession" held insufficient to support judgment where defendant contends possession was lawful.**

Where, in a prosecution for the illegal possession of intoxicating liquor, defendant contends that the small quantity of liquor found in his home was for the exclusive use of himself and family, a verdict of "Guilty of possession," without reference to the count charging possession against the form of the statute, is insufficient to support a judgment, since such verdict is entirely consistent with defendant's contention that his possession was lawful.

APPEAL by defendant from *Clement, J.,* at August Term, 1934, of MOORE.

Criminal prosecution, tried upon warrant charging the defendant, in one count, with having and possessing a quantity of intoxicating liquor for the purpose of sale, and, in a second count, with having and possessing a quantity of intoxicating liquor against the form of the statute in such case made and provided, etc.

The State's evidence is to the effect that on 7 April, 1934, an officer went to the home of the defendant with a search warrant and was shown to the ice-box where he found about three pints of whiskey in a fruit jar. It was aged liquor, charred, colored.

Defendant testified: I told the officer I had about three pints of whiskey in the ice-box for my own use. I did not have it there for the purpose of sale. It was for my own use and my family.

Verdict: "Guilty of possession."

Judgment: Six months on the roads.

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*W. R. Clegg for defendant.*

STACY, C. J. It may be doubted whether the evidence is sufficient to warrant a conviction under the decisions in *S. v. Hege,* 194 N. C., 526, 140 S. E., 80, and *S. v. Mull,* 193 N. C., 668, 137 S. E., 866. But, however this may be, the verdict is not sufficient to support a judgment. *S. v. Barbee,* 197 N. C., 248, 148 S. E., 249. It neither alludes to the warrant nor uses language to show a conviction of the offense charged therein. *S. v. Shew,* 194 N. C., 690, 140 S. E., 621. It is entirely consistent with the defendant's contention that the possession was lawful. *S. v. Mull, supra; S. v. Hammond,* 188 N. C., 602, 125 S. E., 402.

Had the verdict been "guilty of possession as charged in the second count," or simply "guilty as charged in the second count," the situation would have been different, but when the jury undertakes to spell out its verdict without specific reference to the charge, as in the instant case, it is essential that the spelling be correct. *S. v. Parker,* 152 N. C., 790, 67 S. E., 35.

*Venire de novo.*