STATE v. HOWARD CANNON, AVERY WINSTON, FRANK SAPP, OSCAR PAGE, JAMES McNEILL, AND C. E. REECE.

(Filed 7 November, 1940.)

1. Larceny § 7—

Where the State's evidence tends to show the actual theft of the goods in question by others, and fails to connect defendant therewith in any manner until after the goods had been asported, the presumption arising from defendant's possession of the goods a short time thereafter is insufficient to justify the submission of the question of defendant's guilt of larceny to the jury.

2. Receiving Stolen Goods § 8—

A verdict of guilty of "receiving" is insufficient to support judgment for receiving stolen goods with knowledge that they had been stolen, C. S., 4250, "receiving," without more, not being a crime.

3. Criminal Law § 83—

Where the form of the verdict is insufficient to support the judgment, a *venire de novo* will be ordered.

APPEAL by defendant Howard Cannon from *Williams, J.,* at March Term, 1940, of WAKE.

Criminal prosecution tried upon indictment charging the defendant Howard Cannon, and others, in three counts, (1) with breaking and entering a boxcar and building, (2) with the larceny of two cases of Phillip Morris cigarettes, of the value of $137.00, the property of the Seaboard Air Line Railway Company, and (3) with receiving said cigarettes, etc., knowing them to have been feloniously stolen or taken in violation of C. S., 4250.

The State's evidence tends to show that on 24 January, 1940, James McNeill and Frank Sapp, Negroes, stole some cigarettes from a boxcar of the Seaboard Air Line Railway, hid them in South Park, city of Raleigh, and on the following day sold them to C. E. Reece, who in turn sold them to his brother-in-law, Howard Cannon. Reece used Cannon's car in going after the cigarettes. Cannon admitted receiving the cigarettes from Reece, but denied any knowledge of their having been stolen.

The defendant's demurrer to the evidence was sustained on the first count and overruled as to the second and third counts in the bill of indictment.

Verdict: "Guilty of larceny and receiving."

Judgment: Imprisonment in the State's Prison from not less than three nor more than five years.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*Clyde A. Douglass, Ellis Nassif, and W. H. Yarborough, Sr., for defendant, appellant.*

STACY, C. J. The record is barren of any evidence of larceny on the part of Howard Cannon, unless the possession by him of the goods on the day following their taking is evidence of such guilt. While it is very generally held that the recent possession of stolen property is a circumstance tending to show the larceny thereof by the possessor (*S. v. Best,* 202 N. C., 9, 161 S. E., 535), or that it raises a presumption of fact (*S. v. Anderson,* 162 N. C., 571, 77 S. E., 238), or a presumption of law (*S. v. Graves,* 72 N. C., 482), of such guilt, still it would seem that on the present record no such presumption should prevail because the State's evidence shows the larceny to have been committed by others, and fails to connect the defendant in any way with the felonious taking. *S. v. Lippard,* 183 N. C., 786, 111 S. E., 722; *S. v. Anderson, supra.* The larceny was completed when the cigarettes were taken from the boxcar and secreted in South Park. The thief himself, a witness for the State, testified that he did not know Mr. Cannon and had never seen

him prior to the day of trial when he was pointed out to him in the courtroom.

We are constrained to hold, therefore, that the demurrer to the evidence on the count of larceny should have been sustained. *S. v. English,* 214 N. C., 564, 199 S. E., 920.

The demurrer to the evidence was properly overruled as to the third count. But the verdict on this count is insufficient to support the judgment. *S. v. Lassiter,* 208 N. C., 251, 179 S. E., 891; *S. v. Barbee,* 197 N. C., 248, 148 S. E., 249. It neither alludes to the indictment nor uses language to show a conviction of the offense charged therein. *S. v. Shew,* 194 N. C., 690, 140 S. E., 621. It is entirely consistent with the defendant's contention that the receipt of the property was lawful. *S. v. Parker,* 152 N. C., 790, 67 S. E., 35. "Receiving," without more, is not a crime. C. S., 4250; *S. v. Beal,* 200 N. C., 90, 156 S. E., 140.

The defendant is entitled to a *venire de novo* on the third count in the bill.

Reversed on second count.

*Venire de novo* on third count.