### STATE v. LONNIE JONES AND CLARENCE WOOD.

(Filed 11 December, 1946.)

**1. Larceny § 5—**

The possession of property some 16 or 20 days after the alleged theft, while a pertinent circumstance, is insufficient to raise the presumption that the possessor was the thief.

**2. Same—**

Defendants were tried on consolidated bills of indictment, one charging larceny of Dominick and yellow chickens from one person and the other larceny of White Rock chickens from another person. *Held:* Evidence that on the day after the alleged theft defendants sold a number of "white chickens," introduced without limiting it to the second bill, either in its admission or the instruction to the jury, raises no presumption in regard to the larceny of the property described in the first bill, and an instruction on the presumption arising from recent possession must be held for reversible error upon· appeal from a verdict of guilty referring only to the first bill.

**3. Same—**

The presumption arising from the recent possession of stolen property does not apply until the identity of the property is established.

**4. Criminal Law §§ 54b, 60—**

Verdicts and judgments in criminal cases ought to be clear and free from ambiguity or uncertainty.

APPEAL by defendants from *Gwyn, J.,* at August Term, 1946, of YADKIN.

Criminal prosecution upon indictment charging the defendants (1) with breaking and entering a house, occupied by John Henry Stokes, with intent to steal 18 hens and 1 rooster, of the value of $35.00, the property of John Henry Stokes; (2) with the larceny of said hens and rooster, valued at $35.00, the property of John ·Henry Stokes, and (3) with receiving the said property knowing it to have been feloniously stolen.

In a second bill, the defendants are charged (1) with breaking and entering a house, occupied by Riley Ashburn, with intent to steal 18 White Rock hens, of the value of $35.00, the property of Riley Ashburn; (2) with the larceny of said hens, valued at $35.00, the property of

Riley Ashburn, and (3) with receiving said property knowing it to have been feloniously stolen.

By consent the two bills were consolidated and the defendants were tried on both at the same time, as the two charges arise out of transactions immediately connected, or apparently so.

The record discloses that John Henry Stokes and Riley Ashburn are community neighbors living in Yadkin County, about 10 miles west of Yadkinville on the Yadkinville-North Wilkesboro Highway. Each has a chicken house on his farm. The Stokes' chicken house is 75 or 80 yards from his dwelling and is enclosed with a wire fence.

On the night of 11 February, 1946, or during the early hours of the 12th, both chicken houses were entered and 15 or 20 Dominick and yellow hens. and one Ancona rooster, of the value of $20.00, were taken from John Henry Stokes' chicken house and 18 White Rock hens, of the value of $27.00, were stolen from Riley Ashburn's chicken house.

It is in evidence that on 12 February, 1946, the defendant. Jones sold some white chickens in Greensboro. A man who looked like the defendant Wood was with him at the time. Wood is a son-in-law of Jones. They live together in Lee County some 135 miles from the scene of the alleged crimes.

Thereafter, about the first of March, the sheriff found 26 chickens and one Ancona rooster in Clarence Wood's yard. Mrs. John Henry Stokes identified the rooster as hers. This was around the 4th or 5th of March.

There was other evidence tending to connect the defendants with the alleged crimes.

The counts for receiving in both bills were withdrawn from the jury by the trial court.

Verdict: "On the charge of feloniously breaking and entering the building of John Henry Stokes we find the defendants both guilty on both counts."

Judgments: Lonnie Jones, 2 years in the State's Prison on the first count in each bill, and 2 years in the State's Prison on the larceny count in each bill, these latter sentences to be suspended on terms. Clarence Wood: 12 months in the State's Prison on the first count in each bill, and 2 years in the State's Prison on the count for larceny in each bill, these latter sentences to be suspended on terms.

The defendants appeal, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*D. E. McIver and Gavin, Jackson & Gavin for defendants.*

STACY, C. J. We are disposed to think there must have been some error in recording the verdict in this case. It makes no reference to the

second bill. Indeed, it may be doubted whether it sufficiently refers to the first to support a judgment. *S. v. Allen,* 224 N. C., 530, 31 S. E. (2d), 530; *S. v. Lassiter,* 208 N. C., 251, 179 S. E., 891; *S. v. Barbee,* 197 N. C., 248, 148 S. E., 249; *S. v. Perry,* 225 N. C., 174, 33 S. E. (2d), 869, and cases there cited. But however this may be, there appears to be an inadvertence in the charge in respect of the presumption arising from the recent possession of stolen property, which requires another hearing.

The court instructed the jury as follows: "Another principle of law the court will call to your attention is, that where property is stolen, and where a person is found in the recent possession of such stolen property, then such recent possession of such stolen property raises a presumption of fact that the person who is in such recent possession is the thief. That he committed the larceny, but such presumption is strong or weak according to the length of time which has passed between the time of the commission of the larceny and the time when the person is found in possession of it." Exception.

It would appear that the only evidence to which this instruction could properly apply is that tending to show the Ancona rooster in the possession of Clarence Wood at his home in Lee County some 16 or 20 days after the alleged theft. This possession, while a pertinent circumstance, would seem to be without presumptive significance under what was said in *S. v. Holbrook,* 223 N. C., 622, 27 S. E. (2d), 725; *S. v. Weinstein,* 224 N. C., 645, 31 S. E. (2d), 920, and cases there cited.

The evidence tending to show that the defendant Jones, accompanied by some one who looked like the defendant Wood, sold a number of "white chickens" in Greensboro on 12 February, 1946, raises no presumption that they were stolen from John Henry Stokes. His were not white chickens. And even if this evidence be regarded as pointing to the "White Rock hens" of Riley Ashburn, it would be limited to the charge contained in the second bill of indictment. It is not so limited in the court's instruction, and the verdict speaks only to the bill concerning the chickens stolen from John Henry Stokes. It was inappropriate as applied to this bill. *S. v. Adams,* 133 N. C., 667, 45 S. E., 553.

Then, too, there is no evidence that the chickens sold in Greensboro were White Rock hens—only that they were white chickens. The identity of the fruits of the crime must be established before the presumption of recent possession can apply. The presumption is not in aid of identifying or locating the stolen property, but in tracking down the thief upon its discovery. *S. v. Rights,* 82 N. C., 675; *S. v. Patterson,* 78 N. C., 470.

Again referring to the condition of the record, we may add that verdicts and judgments in criminal cases ought to be clear and free from ambiguity or uncertainty. The matters involved—the enforcement of the

criminal law and the liberty of the citizen—are worthy of exactitude. *S. v. Shew,* 194 N. C., 690, 140 S. E., 621; *S. v. Whitaker,* 89 N. C., 472; *S. v. Gooding,* 194 N. C., 271, 139 S. E., 436; *In re Parker,* 225 N. C., 369, 35 S. E. (2d), 169.

The defendants' remaining exceptions, some of which have been pressed with confidence and vigor, especially the assignment that they are charged with misdemeanors and have been punished as for felonies, G. S., 14-72, are pretermitted as they may not arise on another hearing.

New trial.