## STATE v. ABRAHAM ELLISON.

(Filed 2 March, 1949.)

**1. Bastards § 1—**

In a prosecution of defendant for willful nonsupport of his illegitimate child, the burden is on the State to prove beyond a reasonable doubt that defendant is the father of the child, that he had refused or neglected to support it, and that such refusal or neglect was willful.

**2. Bastards § 7—**

A verdict of "guilty of willful nonsupport of illegitimate child" is insufficient in that it fails to fix the paternity of the child.

**3. Criminal Law § 54b—**

When the jury undertakes to spell out its verdict without specific reference to the charge it is essential that the spelling be correct.

APPEAL by defendant from *Morris, J.,* at October Term, 1948, of HYDE.

The defendant was tried upon a bill of indictment charging him with the seduction of Eunice Mae Mackey, a female, under promise of marriage and upon a warrant charging him with the willful nonsupport of his illegitimate child, begotten upon the body of Eunice Mae Mackey. The two cases were consolidated for trial.

The jury returned the following verdict: "The said Abraham Ellison is not guilty of seduction, as charged in the grand jury bill of indictment, but is guilty of willful nonsupport of illegitimate child."

The defendant excepted to the judgment entered on the verdict and appealed to the Supreme Court and assigned error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*D. D. Topping for defendant.*

DENNY, J. In order to convict the defendant of the offense charged in the warrant herein, the burden was upon the State to show beyond a reasonable doubt not only that he was the father of the child, but that he had refused or neglected to support and maintain it, and that such refusal or neglect was willful, that is, intentionally done "without just cause,

excuse or justification," after notice and request for support.  *S. v. Stiles,* 228 N.C. 137, 44 S.E. 2d 728; *S. v. Hayden,* 224 N.C. 779, 32 S.E. 2d 333.

The warrant charges the defendant with the willful failure to support his illegitimate child.  However, the jury did not return a verdict of "Guilty," or "Guilty as charged," or "Guilty as charged in the warrant," or "Guilty of willful non-support of *his* illegitimate child," but returned a verdict of "Guilty of willful non-support of illegitimate child."  G.S. 49-2; *S. v. Vanderlip,* 225 N.C. 610, 35 S.E. 2d 885.  This verdict does not fix the paternity of the child, *S. v. Spillman,* 210 N.C. 271, 186 S.E. 322, and is, therefore, insufficient to support the judgment entered below. *S. v. Allen,* 224 N.C. 530, 31 S.E. 2d 530, and cases cited therein.  *Stacy, C. J.,* said, in speaking for the Court in *S. v. Lassiter,* 208 N.C. 251, 179 S.E. 891: "When the jury undertakes to spell out its verdict without specific reference to the charge, as in the instant case, it is essential that the spelling be correct.  *S. v. Parker,* 152 N.C. 790, 67 S.E. 35." *S. v. Whitley,* 208 N.C. 661, 182 S.E. 338; *S. v. Cannon,* 218 N.C. 466, 11 S.E. 2d 301; *S. v. Jones,* 227 N.C. 47, 40 S.E. 2d 458.

*Venire de novo.*