STATE v. REEVES GATLIN.

(Filed 24 November, 1954.)

**1. Criminal Law § 54b—**

A verdict is the unanimous decision made by the jury and reported to the court.

**2. Same—**

A verdict is a substantial right.

**3. Criminal Law § 54e—**

Before the verdict is complete, it must be accepted by the court, and when the jury returns an informal, repugnant, or insensible verdict or one that is not responsive to the issues, the court may give additional instructions, direct the jury to reconsider and bring in a proper verdict, but in doing so, the court must act with great caution so as not even to suggest what their verdict should be.

**4. Same: Automobiles § 28g—**

In this prosecution for manslaughter, each defendant contended that the other was driving the automobile involved in the fatal accident. The jury returned a verdict that one defendant was not guilty of manslaughter and that the other defendant was "guilty of driving." The court immediately inquired "and guilty of manslaughter?". The jury replied, "yes." *Held:* "Guilty of driving" is no crime and the verdict is not responsive to the charge, and while the court had discretionary power to give additional instructions and have the jury redeliberate, the court was without authority to suggest to the jury what their verdict should be, and a new trial is ordered.

APPEAL by defendant from *Williams, J.,* at April Term, 1954, of CRAVEN.

Criminal prosecution upon a true bill of indictment charging defendants with manslaughter, that is, that Wayne Anderson and Reeves Gatlin, on 27 February, 1953, at and in Craven County, "did unlawfully, willfully and feloniously kill and slay one Doris Franks, contrary to the statute," etc.

Each defendant tendered a plea of not guilty to manslaughter.

The theory of the trial in Superior Court, as revealed by the evidence offered, was that the death of the child Doris Franks was proximately caused by the reckless operation of a Ford truck upon a public highway near Vanceboro, N. C.; that the truck was in charge of defendant Reeves Gatlin, and was occupied by him and defendant Wayne Anderson and

one Earl Jones; that all three of them were under the influence of intoxicating liquor; and that the truck was being driven by defendant Gatlin, or by defendant Anderson, with the consent and approval of defendant Gatlin and with knowledge of Anderson's intoxicated condition. And the evidence tends to show that Gatlin contended that Anderson was driving the truck, and that Anderson contended that Gatlin was driving it.

The case was presented to the jury upon the evidence offered by the State, and by the defendants, under the charge of the court. And the transcript of the record discloses that the jurors "for their verdict say that the defendant Wayne Anderson is not guilty of manslaughter, and that the defendant Reeves Gatlin is guilty of driving." (By the court:) "And guilty of manslaughter?" (The jury replied:) "Yes."

On the other hand, the case on appeal states: "The jury returned to the courtroom and the following colloquy took place: The defendant Wayne Anderson is not guilty of manslaughter and that the defendant Reeves Gatlin is guilty of driving. Without further statement by the jury the court directed this inquiry to them, "And guilty of manslaughter?" To which the juror replied, "Yes." To the foregoing the defendant objects and excepts. Exception No. XLIX.

Judgment: Let the defendant be confined in the State Prison at Raleigh for not less than ten (10) nor more than fifteen (15) years.

Defendant Reeves Gatlin appeals therefrom to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Ward & Tucker for defendant, appellant.*

WINBORNE, J. While appellant brings to this Court, and discusses in brief filed here, many assignments of error, based upon exceptions appearing in the case on appeal, the one focused on exception to the verdict is well taken, and sufficient to upset the judgment from which the appeal is taken, and to require a *venire de novo*. *S. v. Lassiter*, 208 N.C. 251, 179 S.E. 891; *S. v. Cannon*, 218 N.C. 466, 11 S.E. 2d 301; *S. v. Hill*, 224 N.C. 782, 32 S.E. 2d 268; *S. v. Yow*, 227 N.C. 585, 42 S.E. 2d 661; *S. v. Ellison*, 230 N.C. 59, 52 S.E. 2d 9.

"A verdict is the unanimous decision made by the jury and reported to the court," so declared this Court in opinion by *Walker, J.*, in *Smith v. Paul*, 133 N.C. 66, 45 S.E. 348, quoting from *James v. State*, 55 Miss. 57. See also *Sitterson v. Sitterson*, 191 N.C. 319, 131 S.E. 641.

And a verdict is a substantial right. *Wood v. R. R.*, 131 N.C. 48, 42 S.E. 462; *Sitterson v. Sitterson, supra; S. v. Perry*, 225 N.C. 174, 33 S.E. 2d 869.

Moreover, this Court in *S. v. Godwin,* 138 N.C. 582, 50 S.E. 277, in opinion by *Brown, J.,* epitomizing previous decisions of this Court, beginning with *S. v. Arrington,* 7 N.C. 571, declared: "Before a verdict returned into open court by a jury is complete, it must be accepted by the court for record. It is the duty of the judge to look after the form and substance of a verdict so as to prevent a doubtful or insufficient finding from passing into the records of the court. For that purpose the court can, at any time while the jury are before it or under its control, see that the jury amend their verdict in form so as to meet the requirements of the law. When a jury returns an informal, insensible, or a repugnant verdict, or one that is not responsive to the issues submitted, they may be directed by the court to retire and reconsider the matter and bring in a proper verdict, *i.e.,* one in proper form. But it is especially incumbent upon the judge not even to suggest the alteration of a verdict in substance, and in such matters he should act with great caution." See also *S. v. McKay,* 150 N.C. 813, 63 S.E. 1059; *S. v. Parker,* 152 N.C. 790, 67 S.E. 35; *S. v. Bagley,* 158 N.C. 608, 73 S.E. 995; *Allen v. Yarborough,* 201 N.C. 568, 160 S.E. 833; *S. v. Noland,* 204 N.C. 329, 168 S.E. 412; *Baird v. Ball,* 204 N.C. 469, 168 S.E. 667; *S. v. Lassiter, supra; Queen v. DeHart,* 209 N.C. 414, 184 S.E. 7; *S. v. Perry, supra; Edwards v. Motor Co.,* 235 N.C. 269, 69 S.E. 2d 550.

Indeed, in *Edwards v. Motor Co., supra, Johnson, J.,* writing for the Court, said: "When the findings are indefinite or inconsistent, the presiding judge may give additional instructions and direct the jury to retire again and bring in a proper verdict, but he may not tell them what their verdict shall be," citing *Baird v. Ball, supra.*

In the light of these principles we have no hesitancy in holding that the verdict "Guilty of driving" is no crime and is not responsive to the charge in the indictment. Hence the trial judge had the discretionary power to give further instructions to the jury and order that they retire and give further consideration to the matter, and bring in a proper verdict. But the judge was without authority to suggest to the jury what their verdict should be.

The Attorney-General, in his brief, cites and relies upon these cases: *S. v. Lucas,* 124 N.C. 825, 32 S.E. 962; *S. v. Walker,* 170 N.C. 716, 86 S.E. 1055; *S. v. Walls,* 211 N.C. 487, 191 S.E. 232; *S. v. Wilson,* 218 N.C. 556, 11 S.E. 2d 567; *S. v. Sears,* 235 N.C. 623, 70 S.E. 2d 907, as authorities supporting the validity of the manner in which the verdict was received in the instant case. However, careful consideration of the factual situations in these cases leads to the conclusion that they are not out of harmony with the principles hereinabove set forth. But if they were, this Court would not be inclined to follow them, and deviate from the salutary principles,—long safeguarded in the pages of our decisions.

For reasons stated the judgment below is stricken out. A trial anew is ordered as to appellant.

*Venire de novo.*