STATE v. LIVINGSTON BROWN

(Filed 30 April, 1958.)

**Criminal Law § 118: Intoxicating Liquor § 9g—**
  In a prosecution under an indictment charging unlawful possession of intoxicating liquors contrary to the form of the statute, a verdict of "guilty of possession" without reference to the indictment is not sufficient to support judgment, and upon defendant's appeal from judgment imposed, a *venire de novo* must be ordered.

APPEAL by defendant from *Hall, J.,* at December 2, 1957, Term, of RANDOLPH.

Criminal prosecution upon two bills of indictment:

No. 2434, a true bill found at June Term 1957 of Randolph County, charging that "Livingston Brown, late of the County of Randolph, on the 23rd day of April, A.D. 1957, with force and arms, at and in the county aforesaid, did unlawfully and willfully purchase, have on hand and possess intoxicating liquors," contrary to the form of the statute.

And No. 2547, a true bill found at December 2 Term 1957, of Randolph County, charging: "That Livingston Brown, late of said county of Randolph, on the 21st day of September, A.D. 1957, with force and arms, at and in said county, did unlawfully and willfully purchase, have on hand and possess intoxicating liquors," etc., contrary to the form of the statute.

And the record on appeal contains two warrants issued out of and returnable to Recorder's Court of Randolph Court, one on 23 April, 1957, charging that "at and in said county on or about the 23rd day of April, 1957, Livingston Brown did unlawfully and willfully possess, possess for the purpose of sale, one pint of non-taxpaid liquor against the form of the statute * * *" and the other on 21 September, 1957, charging "that at and in said county, on or about the 21st day of September, 1957, Livingston Brown did unlawfully and willfully transport and possess for purpose of sale 8¾ gallons of non-taxpaid liquor against the form of the statute" etc.

And the record shows (1) that in the Recorder's Court defendant requested a jury trial and the case was sent over to the Superior Court for trial on the bills of indictment above recited.

(2) That "defendant Livingston Brown, through his attorney, Ottway Burton, enters a plea of not guilty to the specified indictments in these two cases."

(3) "Jury and Verdict No. 2547— The properly impanelled jury of 12 freeholders of Randolph County returned a verdict in No. 2547 as follows: Guilty of possession; not guilty of possession for sale."

(4) "Jury and Verdict No. 2434— At the close of the State's evidence the court orders a verdict of not guilty."

(5) "Judgment No. 2547— Thereupon judgment was pronounced upon the defendant as follows: The defendant is to be confined in the common jail of Randolph County for the term of 7 months and assigned to work the roads under the direction of the State Highway and State Prison Department, to commence at the termination of sentence in No. 2448."

And in statement of case on appeal served by defendant, to which the Solicitor for the State agrees, referring to the charges in cases No.

2434 and 2547, it is stated: "In the Recorder's Court of Randolph County, the defendant demanded a jury trial as to these charges and the cases were bound over for the December 2, 1957 Criminal Term of Randolph County Superior Court, when the bills of indictment for the two charges were returned as true bills and the defendant tried by consolidating of the two cases."

The defendant, through his attorney, entered a plea of not guilty to both cases. At the close of the State's evidence No. 2434 was dismissed on motion of nonsuit, and in No. 2547 the trial court dismissed the count of transportation, (not charged in the bill of indictment). From a jury verdict of guilty of possession (No. 2547) and the sentence imposed, the defendant appeals to the Supreme Court and assigns error.

*Attorney General Patton, Assistant Attorney General Harry W. McGalliard for the State.*

*Ottway Burton, Don Davis for defendant, appellant.*

WINBORNE, C. J.:It appears upon the face of the record proper that the verdict is insufficient to support a judgment. *S. v. Lassiter,* 208 N.C. 251, 179 S.E. 891. See also *S. v. Shew,* 194 N.C. 690, 140 S.E. 621; *S. v. Barbee,* 197 N.C. 248, 148 S.E. 249.

In the *Lassiter* case, *supra,* the defendant was charged in the second count "with having and possessing a quantity of intoxicating liquor against the form of the statute," and the jury returned a verdict of "Guilty of possession." This Court, in opinion by Stacy, C. J., had this to say: "The verdict is not sufficient to support a judgment * * * It neither alludes to the warrant nor uses language to show a conviction of the offense charged therein."

Moreover, in the *Lassiter* case the Court further declared: "Had the verdict been 'guilty of possession as charged in the second count,' or simply 'Guilty as charged in the second count,' the situation would have been different, but when the jury undertakes to spell out its verdict without specific reference to the charge, as in the instant case, it is essential that the spelling be correct," citing *S. v. Parker,* 152 N.C. 790, 67 S.E. 35. See also *S. v. Ellison,* 230 N.C. 59, 52 S.E. 2d 9.

And in the *Shew* case, *supra,* the verdict was "Guilty of receiving stolen goods," and the Court called attention to a similar verdict, in almost exact language, in the case of *S. v. Whitaker,* 89 N.C. 472, where, speaking to the insufficiency of the verdict as a basis for judgment, in opinion by Ashe, J., the Court said: "It is not sufficiently responsive to the issue: and whenever a verdict is imperfect, informal, insensible, or one that is not responsive to the indictment, the jury may

be directed to reconsider it with proper instructions as to the form in which it should be rendered * * * But if such verdict is received by the court and recorded, it would be error to pronounce judgment upon it. The most regular course would be to set aside the verdict and order a *venire de novo.*" See also *S. v. Parker, supra.*

Moreover, in the *Barbee* case, *supra,* the verdict, after naming defendants, was "guilty of having car in their possession knowing it to have been stolen." Speaking thereto, this Court said: "Viewed in the light of the evidence, and the charge of the court, the verdict would seem to be defective or insufficient to support a judgment, as it is not responsive to the indictment * * * It is not found that the defendants received the car in question knowing at the time that the same had been feloniously stolen or taken * * * ." And the Court held that "on the record as it now appears, the appealing defendant is entitled to a *venire de novo.*"

In the instant case the verdict "Guilty of possession" is without specific reference to the charge, and is insufficient to support a judgment; and defendant is entitled to a *venire de novo. S v. Lassiter, supra.*

*Venire de novo.*