STATE v. JARVIS MILLS.

(Filed 9 November, 1960.)

Criminal Law § 118:    Intoxicating Liquor § 16—

> Where the warrant charges unlawful transportation and possession of nontaxpaid whiskey for the purpose of sale, a verdict of guilty of transporting nontaxpaid whiskey supports judgment and sentence, since the verdict spells out an offense contained in the warrant, it being permissible to treat the words "for the purpose of sale" as surplusage.

APPEAL by defendant from *Johnston, J.,* May 9, 1960 Criminal Term, of WAKE.

Criminal prosecution on warrant charging that defendant on March 14, 1960, "did unlawfully and wilfully transport and have in his possession a quantity of whiskey on which the tax imposed by the U. S. Government had not been paid, to wit: ½ gallon, for the purpose of sale," against the form of the statute, etc.

Upon trial *de novo* in superior court, on appeal by defendant from conviction and judgment in the Recorder's Court of Garner, the jury returned a verdict of "guilty of Transporting Non-Tax Paid Whiskey." From judgment, imposing a prison sentence, defendant appealed.

*Attorney General Bruton and Assistant Attorney General McGalliard for the State.*

*W. H. Yarborough for defendant, appellant.*

PER CURIAM.   The record contains no case on appeal. Neither the

evidence nor the judge's charge is before us. It is stated that defendant excepted to the denial of his motion of nonsuit and to the judgment. These exceptions are not numbered. There are no assignments of error.

In this Court defendant moved in arrest of judgment for that (1) the warrant upon which he was tried is fatally defective, and (2) the verdict is not sufficient to support the judgment.

The warrant sufficiently charges all elements of the criminal offense of which defendant was convicted, namely, the unlawful transportation of nontaxpaid whiskey. It seems probable that the trial judge treated the words, "for the purpose of sale," as surplusage and submitted the case only in relation to the transportation charge.

Unlike *S. v. Lassiter*, 208 N.C. 251, 179 S.E. 891, cited by defendant, the jury spelled out its verdict in words sufficient to show it found defendant guilty of the transportation charge contained in the warrant. Perhaps the trial judge, advertent to surplus allegations in the warrant, instructed the jury, if they found the defendant guilty of the transportation charge, to render their verdict in the words they used.

The fragmentary record before us discloses no ground for disturbing the verdict and judgment.

No error.