## STATE v. GUY JONES.

(Filed 7 April, 1937.)

**1. Criminal Law § 30—**

Statements of witnesses at the coroner's inquest *held* competent in evidence for the purpose of corroborating the testimony of the witnesses at the trial.

**2. Criminal Law § 54b—**

A verdict will be interpreted in the light of all the evidence and the admission of the parties.

APPEAL by defendant from *Sinclair, J.,* at September Term, 1936, of JONES. No error.

The defendant was tried on an indictment in which he was charged with driving an automobile on a highway in Jones County, North Carolina, while under the influence of intoxicating liquor, in violation of the statute. N. C. Code of 1935, section 2621 (44).

There was a verdict that defendant is "guilty of driving under the influence of liquor."

From judgment that he be confined in the county jail of Jones County for twelve months, and be assigned to work on the public roads, the defendant appealed to the Supreme Court, assigning as error the admission of evidence over his objections.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*John D. Larkin and J. A. Jones for defendant.*

PER CURIAM. There was ample evidence at the trial of this action to sustain the charge made in the indictment that on 4 April, 1936, the defendant did drive an automobile on a public highway in Jones County, while under the influence of intoxicating liquor, in violation of the statute, N. C. Code of 1935, section 2621 (44).

There was no error in the admission of evidence tending to corroborate the testimony of witnesses for the State. Statements made by these witnesses at the coroner's inquest were competent as evidence tending to corroborate the testimony of the witnesses at the trial. See *S. v. Exum,* 138 N. C., 599, 50 S. E., 283.

The verdict appearing in the record, although on its face not sufficient to support the judgment, interpreted in the light of all the evidence, and of admissions made in the case on appeal, was sufficient for that purpose. See *S. v. Whitley,* 208 N. C., 661, 182 S. E., 338.

The judgment is affirmed.

No error.