STATE OF NORTH CAROLINA v. LUTHER TALMADGE MEDLIN

No. 7214SC462

(Filed 2 August 1972)

1. Automobiles § 130; Criminal Law § 124— sufficiency of verdict to support judgment

The jury's verdict of "guilty of driving automobile under the influence" was insufficient to support the judgment against defendant in a prosecution for driving under the influence of intoxicating liquor, second offense, because the verdict neither alluded to the warrant nor used language to show a conviction of the offense charged therein.

2. Criminal Law § 124— verdict — failure to refer to charge

The jury should be requested to respond with a simple answer of guilty or not guilty to specifically formulated issues which contain clear and accurate statements of the charge or charges for which defendant is being tried; if the jury undertakes to spell out its verdict without specific reference to the charge, however, it is essential that the spelling be correct.

3. Criminal Law § 99— objections and questions by trial court — expression of opinion

The trial judge committed prejudicial error in violation of G.S. 1-180 when he sustained objections during cross-examination of State's witnesses and interposed his own objections to block legitimate lines of cross-examination and when he questioned the State's witness with respect to the number of years the breathalyzer test had been in use and the number of times the witness had administered it.

State v. Medlin

APPEAL by defendant from *Cooper, Judge,* 7 February 1972 Criminal Session of Superior Court held in DURHAM County.

Defendant was charged in a warrant with the offense of unlawfully and willfully operating a motor vehicle on 28 November 1971 on a public highway in Durham County, N. C., "while under the influence of intoxicating liquor this being his second offense as the defendant was convicted of a similar offense in the Superior Court Division of General Court of Durham County on January 27, 1969." After plea of not guilty and trial and conviction in the district court, defendant appealed to the superior court, where he again pleaded not guilty and was tried *de novo.*

The record shows that the jury returned into open court with their verdict and that the following occurred:

The Court: "How do you find the defendant Luther Talmadge Medlin on the charge of driving under the influence?"

Foreman: "We the jury find the defendant guilty of driving automobile under the influence."

The record shows that judgment was entered as follows:

"In open court, the defendant appeared for trial upon the charge or charges of Driving Under the Influence, 2nd Offense and thereupon entered a plea of not guilty

Having BEEN FOUND GUILTY of the offense of Driving Under the Influence, 2nd Offense which is a violation of _____ and of the grade of misdemeanor

It is ADJUDGED that the defendant be imprisoned for the term of thirty (30) days in the county jail of Durham County and assigned to work under the supervision of the State Department of Correction."

From this judgment, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorneys General William W. Melvin and William B. Ray for the State.*

*Arthur Vann for defendant appellant.*

PARKER, Judge.

[1, 2]  The warrant in this case was sufficient to charge defendant with committing the offense of driving a vehicle upon the public highways within this State while under the influence of intoxicating liquor, a violation of G.S. 20-138, and to charge commission of a second such offense so as to make defendant punishable under the provisions of G.S. 20-179 (a) (2). The verdict, however, neither alludes to the warrant nor uses language to show a conviction of the offense charged therein. No finding was made that defendant drove an automobile on a public highway, or as to what defendant was under the influence of when he drove, or as to commission of any second offense. The verdict rendered may be entirely consistent with the guilt of defendant, but it is not inconsistent with his innocence. Had the verdict been simply "guilty," or "guilty as charged," it would have been sufficient to support the judgment, "but when the jury undertakes to spell out its verdict without specific reference to the charge, as in the instant case, it is essential that the spelling be correct." *State v. Lassiter,* 208 N.C. 251, 179 S.E. 891. This essential for a valid verdict in a criminal case has been pointed out by our Supreme Court many times. *State v. Ingram,* 271 N.C. 538, 157 S.E. 2d 119; *State v. Brown,* 248 N.C. 311, 103 S.E. 2d 341; *State v. Ellison,* 230 N.C. 59, 52 S.E. 2d 9; *State v. Allen,* 224 N.C. 530, 31 S.E. 2d 530; *State v. Cannon,* 218 N.C. 466, 11 S.E. 2d 301; *State v. Lassiter, supra; State v. Barbee,* 197 N.C. 248, 148 S.E. 249; *State v. Shew,* 194 N.C. 690, 140 S.E. 621; *State v. Parker,* 152 N.C. 790, 67 S.E. 35; *State v. Whitaker,* 89 N.C. 472.

In the case last cited, Ashe, J., speaking for the Court, said (p. 474):

> "To avoid embarrassment in cases like this, it would be well to follow the suggestion of Mr. Bishop, 'that in every case of a verdict rendered, the judge or prosecuting officer, or both, should look after its form and its substance, so far as to prevent a doubtful or insufficient finding from passing into the records of the court, to create embarrassment afterwards, and perhaps the necessity of a new trial.' 1 Bish. Cr. Pro., sec. 831."

Trial judges would be well advised to exercise utmost care in accepting verdicts in order to assure that the verdict rendered accurately reflects the jury's findings as to defendant's

guilt or innocence of the exact charge or charges for which he is being tried. This can best be accomplished if the jury is requested to respond with a simple answer of "guilty," or "not guilty" to specifically formulated issues which contain clear and accurate statements of the charge or charges for which defendant is being tried.

[3]   Apart from ambiguity in the verdict, defendant is entitled to a new trial in the present case. On several occasions while defendant's counsel was cross-examining the State's witnesses, the trial judge either sustained objections by the solicitor or interposed his own objections to block legitimate lines of cross-examination. In addition, after the State's witness had completed his testimony as to results of the breathalyzer test, the trial judge asked questions of the witness to bring out the fact that the breathalyzer test had been approved for use in this State since 1965 and to bring before the jury that the witness had given the test to persons suspected of driving under the influence of intoxicants for between 900 and 1000 times. By these actions the trial judge, temporarily at least, abandoned his role as an impartial jurist and assumed the role of the prosecutor. In so doing he violated the provisions of G.S. 1-180. While any one of these incidents standing alone, even though erroneous, might not be regarded as prejudicial, when all of them are viewed in the light of their cumulative effect upon the jury, we hold that the cold neutrality of the law was breached to the prejudice of this defendant. *State v. Frazier*, 278 N.C. 458, 180 S.E. 2d 128.

For the reasons set forth above, defendant is entitled to a

New trial.

Judges BRITT and HEDRICK concur.