State v. Joyner

STATE OF NORTH CAROLINA v. EDWARD EARL JOYNER

No. 748SC663

(Filed 20 November 1974)

1. Criminal Law § 124— verdict of "guilty as charged" — sufficiency
    Where the clerk asked the jury if they found defendant guilty as charged or not guilty, the verdict "guilty as charged" alluded to the warrant and it was not necessary that the clerk's question contain all the elements of a criminal offense.

2. Criminal Law § 113— jury instructions — summary of evidence not required
    A trial judge is not required to summarize the evidence to the jury; rather, he must state only such evidence which is necessary to explain the application of the law thereto.

APPEAL by defendant from *Winner, Judge,* 13 May 1974 Session of Superior Court held in LENOIR County.

Defendant was convicted under a warrant charging him with operating a motor vehicle on a public highway at a time when his license was suspended. Judgment was entered imposing an active sentence of six months.

*Attorney General James H. Carson, Jr., by John R. Morgan, Associate Attorney, for the State.*

*Gerrans & Spence by C. E. Gerrans for defendant appellant.*

VAUGHN, Judge.

[1] Defendant contends that the court erred in accepting the verdict of the jury. The proceedings were as follows:

"CLERK . . . How find you the defendant, Edward Earl Joyner as to the charge of driving while license suspended, guilty as charged or not guilty?

JUROR: We find the defendant guilty as charged."

Defendant argues that the jury has not convicted him of a crime because the Clerk's question did not contain all the elements of a criminal offense. We overrule the assignment of error. The verdict "guilty as charged" alludes to the warrant, *State v. Medlin,* 15 N.C. App. 434, 190 S.E. 2d 425, and will thus be interpreted in the light of the warrant. *State v. Albarty,* 238 N.C. 130, 76 S.E. 2d 381.

[2]  The only other assignment of error is that the court "erred in failing to summarize the evidence to the jury." A judge is not required to "summarize the evidence." He is required to declare and explain the law arising on the evidence given in the case and need not state such evidence except to the extent necessary to explain the application of the law thereto. G.S. 1-180. This assignment of error is overruled.

We find no prejudicial error in defendant's trial.

No error.

Judges CAMPBELL and MORRIS concur.