STATE OF NORTH CAROLINA v. WILLIAM PRESTON GRIFFITH

No. 7420SC576

(Filed 18 December 1974)

1. Criminal Law § 64— evidence of defendant's intoxication — admissibility

    The jury was properly allowed to consider opinion evidence of an officer that, when he observed defendant thirty minutes after the automobile accident in question, defendant was under the influence of intoxicating liquor, even though the State offered defendant's statement which tended to show that defendant consumed two drinks of liquor after the accident.

2. Automobiles § 113— driving under influence and reckless driving — manslaughter — sufficiency of evidence

    Evidence was sufficient to justify the jury's finding that defendant violated either the drunk driving statute, G.S. 20-138, or the

State v. Griffith

reckless driving statute, G.S. 20-140(b), or both, and that such violation was a proximate cause of the death of a child who was being pushed in a stroller along a highway by his mother.

APPEAL by defendant from *Seay, Judge,* 28 January 1974 Session of Superior Court held in MOORE County. Argued in the Court of Appeals 4 September 1974.

Defendant was charged in a bill of indictment, proper in form, with the felony of manslaughter. The charge arose out of the death of a child who was struck, allegedly by defendant's automobile, on 7 August 1972, on highway 211 approximately one mile outside the corporate limits of Aberdeen, Moore County, North Carolina. The jury returned a verdict of guilty of involuntary manslaughter. Judgment of imprisonment was entered. Defendant appealed.

*Attorney General Carson, by Associate Attorney Reilly, for the State.*

*William D. Sabiston, Jr., for the defendant.*

BROCK, Chief Judge.

The evidence considered in the light most favorable to the State tends to show the following:

At about 8:30 p.m. on 7 August 1972, the weather was clear, and, although darkness was approaching, visibility was good without the use of lights. The road was straight and the surface dry. Mrs. Joyce Hogg, along with her daughter, Glenda Carter, age 12, and her 16-month-old son, William Hogg, Jr., were walking in an easterly direction along the dirt shoulder on the southern edge of highway 211 near Aberdeen. Mrs. Hogg was walking about a foot from the pavement, pushing William Hogg, Jr., in a stroller. Glenda was walking to their right. Glenda did not see or hear an automobile at any time.

At about this same time and place, defendant drove his automobile east along highway 211. He did not see the three pedestrians, but he did feel an impact with his automobile. Defendant stopped, backed up, and got out of his vehicle. He looked around the area but did not see anything. Defendant continued to drive east on highway 211 but shortly thereafter turned around to return to Aberdeen. As defendant reached the spot where he had originally felt the impact, he did not see anything.

Defendant went to his place of business in Aberdeen, and then went to his home. He arrived at home approximately 20 minutes from the time he felt the impact with his automobile on highway 211. Defendant consumed two drinks of whiskey prior to feeling the impact and had two drinks of whiskey when he drove back to his place of business before going home. An investigating officer saw defendant at his home at about 9:10 p.m. on 7 August 1974. Defendant's face was flushed and his eyes were bloodshot. He had the odor of alcohol on his breath and was unsteady on his feet. In the opinion of the investigating officer, defendant was under the influence of intoxicating liquor.

The rear view mirror which had been mounted on the right (passenger) side of defendant's automobile was broken off. Impressions of the fabric on the baby stroller in which William Hogg, Jr., was being pushed were found on the gravel pan of defendant's car. Hair matching the hair of William Hogg, Jr., was found on the lower right A-frame of defendant's car. Hair matching the hair of Mrs. Joyce Hogg was found on the radio antenna base which was mounted on the right (passenger) side of defendant's car, about one foot from the broken rear view mirror bracket. Paint matching the paint on defendant's car was found on the handle of the stroller in which William Hogg, Jr., was riding. A rear view mirror matching the broken bracket on the right (passenger) side of defendant's car was found lying between the bodies of Mrs. Joyce Hogg and William Hogg, Jr., on the south side of highway 211.

The body of Mrs. Joyce Hogg was found approximately ten feet south of the paved portion of highway 211. The body of William Hogg, Jr., was found in the remains of the stroller approximately ten feet east of the body of Mrs. Joyce Hogg. Parts of the stroller in which William Hogg, Jr., was riding were found scattered over an area of approximately 41 feet. William Hogg, Jr., died as a result of a multiple trauma to his head and chest.

The evidence does not disclose the results of injuries to Mrs. Joyce Hogg. The only evidence of her injuries was the observation of a witness at the scene of the accident. Officer Jerry Wilson testified in part: "She was lying face down. . . . Mrs. Joyce Hogg was bleeding a little bit from the mouth. . . . I saw signs of life about the body of Mrs. Joyce Faircloth Hogg. She was moaning, but she never did say anything." Mrs. Hogg did not testify at the trial.

Mrs. Joyce Hogg's daughter, Glenda, testified at the trial. She described the manner in which they were walking along the shoulder of the road prior to the accident. She testified that she regained consciousness in the hospital. She testified in part as follows:

> "After I was walking along the highway there—as I last remember—I never saw my mother or my brother, William Hogg, Jr., again. I did not hear the sound of any motor or any noise at all just after I looked back. I did not see any cars on that paved road at or about that time.
>
> .  .  .  .
>
> "I had been walking on this particular road about thirty minutes. We had walked about a mile on the road. No cars passed us. I did not see any cars the whole time I was walking. I did not hear the motor or engine of any automobile."

The State's evidence does not disclose skid marks or tire-marks on the pavement or on the dirt shoulder of the road at the scene. Marks described as "some scuff marks" were observed on the dirt shoulder at the scene.

Despite Glenda's apparent failure of memory of the moments of impact, the physical facts presented by the evidence seem compelling. The location of the bodies ten feet south of the pavement, the imprint of the stroller fabric on the gravel pan of defendant's car, the hair on the lower right A-frame of defendant's car, the rear view mirror broken from defendant's car lying approximately ten feet south of the pavement, the hair on the radio antenna on the right front of defendant's car, and the "scuff marks" in the dirt of the shoulder of the road would justify, though not compel, the jury's finding that defendant drove his vehicle off the right side of the paved portion of the road and struck the three pedestrians. Such physical facts would support a finding that defendant operated his vehicle without maintaining a proper lookout and without keeping his vehicle under proper control. It would strain credulity to suggest that the defendant, while maintaining a proper lookout, would drive his car along a straight road during daylight hours and fail to see an adult walking along the shoulder of the road or on the paved portion, pushing a baby in a stroller and accompanied by a 12-year-old daughter. It likewise would strain credulity to suggest that the defendant, while maintaining proper

control of his vehicle, would drive onto the shoulder of the road, strike the three pedestrians, and continue down the road without knowledge of what had happened.

It remains, however, to be determined whether such conduct constitutes culpable negligence.

[1]  The State offered defendant's statement tending to show that defendant had consumed two drinks of intoxicating liquor before he drove out highway 211 where he felt an impact with his automobile. The State's evidence also tends to show that defendant was under the influence of intoxicating liquor within about 30 minutes after the accident. Defendant concedes that the interval of time of 30 minutes is reasonable for the use by the State of this evidence of intoxication to show defendant's condition at the time of the accident. Defendant argues, however, that the testimony of the officer concerning defendant's intoxication 30 minutes after the accident has no probative value in this case and should have been excluded. Defendant argues that the State offered defendant's statement which tended to show that defendant consumed two drinks of intoxicating liquor *after* the accident. He argues that this evidence robs the officer's opinion of defendant's intoxication of its probative value and that the officer's opinion should have been excluded. In our view the weight to be given the officer's opinion testimony was for the jury to determine under appropriate instructions. *State v. Cooke,* 270 N.C. 644, 155 S.E. 2d 165.

[2]  "An intentional, wilful or wanton violation of a statute or ordinance, designed for the protection of human life or limb, which proximately results in injury or death, is culpable negligence." *State v. Cope,* 204 N.C. 28, 167 S.E. 456. In the case under consideration the evidence tends to show a violation of two statutes designed for the protection of human life or limb. "It shall be unlawful for . . . any person who is under the influence of intoxicating liquor . . . to drive any vehicle upon the highways within this State." G.S. 20-138. "Any person who drives any vehicle upon a highway without due caution and circumspection and . . . in a manner so as to endanger or be likely to endanger any person . . . shall be guilty of reckless driving." G.S. 20-140(b). Death caused by a violation of either of these statutes may constitute manslaughter. *State v. Dills,* 204 N.C. 33, 167 S.E. 459.

A precedent to a conviction of manslaughter for the violation of either one or both of the foregoing safety statutes is

that the violation of either one or both must have caused the accident and the death of William Hogg, Jr. In our opinion the evidence is sufficient to justify, but not compel, the jury's finding that defendant violated either one or both of the foregoing statutes and that such violation was a proximate cause of the death of William Hogg, Jr. The trial judge did not err in the denial of defendant's motions for nonsuit. *Cf. State v. Weston,* 273 N.C. 275, 159 S.E. 2d 883.

Defendant assigns as error certain portions of the trial judge's instructions to the jury. We have reviewed each of these. In our opinion when the instructions are read in context, as they must be, they adequately apprise the jury of its duties and the applicable principles of law.

No error.

Judges MORRIS and MARTIN concur.