STATE OF NORTH CAROLINA v. COMMIE LESTER BUNTON

No. 7522SC463

(Filed 17 December 1975)

1. **Automobiles § 126— breathalyzer test results — admissibility**

In a prosecution for driving under the influence of intoxicating liquor, the trial court did not err in admitting into evidence the results of a breathalyzer test, though the arresting officer refused to take defendant to the hospital after the test was administered for the purpose of having a doctor give him a blood test, since the officer was required by G.S. 20-139.1 only to assist defendant in contacting a qualified person to give him a blood test, which the officer did, and under G.S. 20-139.1(d), the failure or inability of defendant to obtain an additional test does not preclude admission of results of a test given at the direction of the arresting officer.

2. **Criminal Law § 99— questioning of witness by court — limitation of cross-examination — no error**

The trial court did not err in asking a State's witness questions designed simply to clarify the witness's previous testimony, nor did the court unduly restrict defendant's cross-examination of the arresting officer.

3. **Automobiles § 129— driving under influence, third offense — submission of lesser offense — no error**

In a prosecution for driving under the influence, third offense, any error of the trial court in submitting as a permissible verdict

defendant's guilt of first offense of driving under the influence was favorable to defendant.

4. **Automobiles § 129— driving under the influence — instruction on statutory inference proper**

   Where defendant was tried at the 13 January 1975 session of superior court for an offense occurring on 28 November 1974, the trial court properly instructed the jury concerning the permissible inference created by G.S. 20-139.1(a) with respect to breathalyzer test results as that statute was in effect prior to 1 January 1975, though that statute had been rewritten at the time of defendant's trial.

5. **Automobiles § 129— driving under the influence — instructions proper**

   In a prosecution for driving under the influence, third offense, the trial court did not err in instructing the jury that if they had a reasonable doubt "as to one or more of" the elements of driving under the influence of intoxicating liquor, second offense, they should then proceed to consider whether defendant was guilty of driving under the influence of intoxicating liquor (first offense).

6. **Automobiles § 130— driving under the influence — sufficiency of verdict**

   The verdict was sufficient to support the judgment in a prosecution for driving under the influence.

APPEAL by defendant from *Seay, Judge.* Judgment entered 14 January 1975 in Superior Court, IREDELL County. Heard in the Court of Appeals 22 September 1975.

Defendant was charged in a warrant with the offense of operating a motor vehicle on 28 November 1974 on a public highway in Iredell County while under the influence of intoxicating liquor, having been convicted of two similar offenses in the District Court in Statesville on 28 June 1970 and on 20 September 1972. After trial, conviction, and sentence in the District Court, defendant appealed, and was tried de novo on his plea of not guilty at the 13 January 1975 Session of Superior Court held in Iredell County.

The State introduced evidence to show the following. At approximately 12:25 a.m. on 28 November 1974 Patrolman Smith, a Statesville police officer, saw defendant driving an automobile on West Front Street. Defendant was two to three feet over the center line and the officer had to swerve to the shoulder of the road to avoid hitting defendant's vehicle. The officer stopped defendant and detected a moderate odor of alcohol on his breath. On the back seat there was a bag containing two six-packs of beer with two beers missing. There was a passenger sitting on the passenger side in the front seat and

defendant was under the wheel. At the officer's request, defendant stepped out of the car and took performance tests. When he walked he staggered, and while performing the finger to nose test he completely missed with the finger of his left hand. Officer Smith took defendant to the Police Department, where at about 1:00 a.m. Officer Burton, after informing defendant of his rights, administered a breathalyzer test. The test showed that defendant had .21 percent by weight of alcohol in his blood. Officers Smith and Burton each testified that in his opinion defendant was under the influence of some intoxicating liquor.

Defendant stipulated that Officer Burton was educated in the use of the breathalyzer, that he held a valid license to administer breathalyzer tests, that he went through the necessary procedures in checking out the machine in preparation for giving the test to the defendant, and that the machine was operating properly. Defendant also stipulated that on 20 September 1972 he had been convicted in the District Court in Iredell County of driving under the influence.

Defendant did not testify or offer any evidence before the jury. The jury returned verdict finding defendant guilty of driving under the influence of intoxicating liquor. The court entered judgment on the verdict sentencing defendant to prison for a term of six months, and defendant appealed.

*Attorney General Edmisten by Associate Attorney Sandra M. King for the State.*

*Collier, Harris, Homesley, Jones & Gaines by Wallace W. Dixon for defendant appellant.*

PARKER, Judge.

[1] Defendant assigns error to the admission in evidence over his objection of the result of the breathalyzer test. He does not contend that the test was improperly administered or that he was not correctly informed of his rights. At the trial he stipulated to the contrary. He contends he was entitled to have the result of the breathalyzer test excluded from evidence solely because the arresting officer, after the test was administered, refused to take him to the hospital for the purpose of having a doctor give him a blood test.

Prior to ruling on the admissibility of evidence as to the result of the breathalyzer test, the court conducted a voir dire

examination at which defendant testified that after he took the breathalyzer test, he didn't believe the reading and told Officer Smith he wanted to take a blood test. Defendant testified:

"He did not call anybody for me. I did all the calling myself. The first thing I called my brother to go on my bond and called Dr. Pressly and told him I wanted a blood test. He told me to go to the hospital. I had the jailer call Officer Smith to see if he could get Officer Smith to come back and tell him I would be out on bond and wanted to go get a test. In the meantime, I had called Dr. Pressly and he said to go to the hospital. The jailer told me Officer Smith wasn't coming back and I told my brother to take me to the hospital and I would have a blood test myself. When I got to the hospital about a quarter to three they told me a blood test would be no good without the arresting officer being there."

At the voir dire hearing defendant further testified on cross-examination:

"I did not ask the officer to call a doctor for me. I told him I wanted a blood test. Mr. Smith told me he couldn't transport me but he would help me contact somebody. I was not able to get a blood test but I did go to the hospital."

At the conclusion of the voir dire examination the court made findings, concluded that all of defendant's rights were fully protected, and overruled defendant's objection to introduction of the result of the breathalyzer test. In this we find no error.

Subsection (d) of G.S. 20-139.1 provides that a person who has been given a breathalyzer test "may have a physician, or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law-enforcement officer," and further provides that "[a]ny law-enforcement officer having in his charge any person who has submitted to the chemical test under the provisions of G.S. 20-16.2 shall assist such person *in contacting* a qualified person as set forth above for the purpose of administering such additional test." (Emphasis added.) Here, defendant's own testimony discloses that Officer Smith told him "he would help (defendant) contact somebody," and it is apparent that defendant was able to contact the doctor of his choice without undue delay. All that the statute required of the arresting officer was

that he assist defendant in contacting the doctor; he was not required in addition to transport defendant to the doctor. On this record we find no denial of defendant's statutory rights. Even had this not been the case, the statute itself expressly negates the exclusionary rule for which defendant contends. G.S. 20-139.1 (d) states that "[t]he failure or inability of the person tested to obtain an additional test shall not preclude the admission of evidence relating to the test or tests taken at the direction of the law-enforcement officer." There was no error in admitting the result of the breathalyzer test into evidence.

[2] Defendant assigns as error certain questions asked by the trial judge of the State's witness, Officer Burton, during the trial. Defendant contends that by asking these questions, the judge violated G.S. 1-180. We do not agree. It is entirely proper, and sometimes necessary, that the trial judge ask questions of a witness for purposes of clarifying the witness's testimony and in order that the truth may be laid before the jury. *State v. Colson*, 274 N.C. 295, 163 S.E. 2d 376 (1968). In so doing, the judge must, of course, exercise care to avoid prejudice to either party. Here, insofar as the record discloses only three questions were asked by the judge, and all of these were clearly designed simply to clarify the witness's previous testimony and were reasonably necessary for that purpose. This assignment of error is overruled.

Defendant assigns as error that the court unduly restricted his cross-examination of the arresting officer by interposing objections without request of the district attorney. We find no error. In the first place, it is not entirely clear from the record that the objections were not in fact interposed by the district attorney rather than by the court on its own initiative. More importantly, the questions to which objections were sustained were asked when the witness was recalled for that purpose after having been previously cross-examined and re-cross-examined. It was within the discretion of the trial judge to permit or refuse a further cross-examination, 1 Stansbury's N. C. Evidence (Brandis Revision) § 36, and clearly the trial judge here did not abuse that discretion. The questions to which objection was sustained were either argumentative or were unduly repetitious. Defendant's right of cross-examination was not unduly restricted and this assignment of error is overruled.

[3] Defendant, pointing to his stipulation at trial that he had been previously convicted in the District Court on 20 September

1972 of the offense of driving while under the influence of intoxicating liquor, contends it was error for the court to submit as a permissible verdict in this case his guilt of first offense driving under the influence of intoxicating liquor. If so, the error was favorable to defendant and he has no just cause to complain. *State v. Accor* and *State v. Moore,* 281 N.C. 287, 188 S.E. 2d 332 (1972) ; *State v. Rogers,* 273 N.C. 208, 159 S.E. 2d 525 (1968) ; *State v. Chase,* 231 N.C. 589, 58 S.E. 2d 364 (1950).

[4]    The court correctly instructed the jury in conformity with the opinion of our Supreme Court in *State v. Cooke,* 270 N.C. 644, 155 S.E. 2d 165 (1967) concerning the permissible inference created by G.S. 20-139.1(a) as that statute was in effect prior to 1 January 1975. Defendant, pointing to the amendment effected by Ch. 1081 of the 1973 Session Laws which became effective 1 January 1975, contends that at the time defendant was tried in Superior Court the statutory presumption arising from a showing that a person's blood contained 0.10 percent or more by weight of alcohol was no longer in effect. For this reason, defendant contends that it was error in this case for the court to instruct the jury concerning the statutory presumption. We do not agree. Ch. 1081 of the 1973 Session Laws, ratified 2 April 1974, contains four sections. Section 1 amends G.S. 20-138 to create a new substantive offense by adding a provision making it unlawful for a person to operate a vehicle upon any highway when the amount of alcohol in such person's blood is 0.10 percent or more by weight. Section 2 rewrites G.S. 20-139.1(a) to make it applicable also to the new offense created by Sec. 1 and to abolish the presumption that previously arose under the statute from a breathalyzer reading of 0.10 percent or more. Secton 3 is not relevant to the present case. Section 4 provides: "This act shall become effective January 1, 1975." That the statute was made effective on a specified date subsequent to ratification is in itself an indication that it was intended to apply prospectively only. *State v. Hart,* 287 N.C. 76, 213 S.E. 2d 291 (1975). Moreover, Section 1 of the statute, which creates a new offense, is clearly prospective only. Ch. 1081 of the 1973 Session Laws is a single statute directed toward a single problem, and it is not logical to suppose that the General Assembly intended for one section to apply prospectively only and for another section to apply retroactively to pending prosecutions, thus making convictions easier to obtain in some cases and more difficult to obtain in others. Instead, it is ap-

parent that the General Assembly intended all sections of Ch. 1081 to take effect at the same time and in the same way, and this legislative intent should be given effect. We hold that the court in this case properly instructed the jury concerning the statutory presumption contained in G.S. 20-139.1(a) as that statute existed when the offense charged in this case was committed and when the present prosecution was commenced.

[5] Defendant contends the court incorrectly instructed the jurors that if they had a reasonable doubt "as to one or more of" the elements of driving under the influence of intoxicating liquor, second offense, they should then proceed to consider whether defendant was guilty of driving under the influence of intoxicating liquor (first offense). Defendant contends this instruction was erroneous because if the jurors had a reasonable doubt as to any element of the offense other than the previous conviction, they should return a verdict of not guilty. The instruction given by the court, however, could not possibly have been prejudicial. If the jurors had a reasonable doubt as to any element of the offense other than the previous conviction, then, following the court's instruction, they would have proceeded to consider the question of defendant's guilt of driving under the influence of intoxicating liquor (first offense) and would have immediately acquitted the defendant thereof, because the State would likewise have failed to establish all of the elements of that offense. In this case the court correctly charged the jury concerning the offense of which he was found guilty.

[6] Finally, citing *State v. Medlin,* 15 N.C. App. 434, 190 S.E. 2d 425 (1972), defendant moves this court to arrest judgment, contending that a defect appears on the face of the record in that the jury's verdict "attempted to but did not spell out the conviction." The record before us fails to disclose any exception taken to the court's action in accepting the verdict and there is no assignment of error directed either to the acceptance of the verdict or to the form in which it was rendered. No error appears on the face of the record. A verdict is to be interpreted in the light of the evidence and of the charge of the court, *State v. Jones,* 211 N.C. 735, 190 S.E. 733 (1937); 7 Strong, N. C. Index 2nd, Trial, § 42. The verdict in the present case, unlike the verdict disclosed in the record in *Medlin,* fails to disclose any discrepancy between the verdict as returned by the jury and as recited in the judgment entered. There was no ambiguity in the verdict in the present case, and, when interpreted

in the light of the evidence and the court's instructions to the jury, we find it sufficient to support the judgment.

No error.

Judges BRITT and CLARK concur.