State v. Bishop

No error.

Judges VAUGHN and WHICHARD concur.

STATE OF NORTH CAROLINA v. JAMES WILLIAM BISHOP

No. 8128SC568

(Filed 15 December 1981)

1. **Automobiles § 126.1— drunken driving—opinion testimony as to intoxication**

    In a prosecution for operating a motor vehicle on a street or highway while under the influence of intoxicating liquor, the trial court properly allowed the investigating patrolman and the breathalyzer operator to state opinions that defendant had consumed alcoholic beverages in sufficient quantity to impair appreciably his mental and/or physical faculties where each witness testified as to when he observed defendant and the observations upon which his opinion was based, and the court fully instructed regarding these times and observations.

2. **Automobiles § 127.1— drunken driving—sufficiency of evidence**

    The State's evidence was sufficient for the jury in a prosecution for driving under the influence of intoxicants where it tended to show that defendant, while operating a motor vehicle on a U.S. highway in Buncombe County, drove the vehicle into the rear of another vehicle on that highway; immediately following the collision, defendant's eyes looked a little glassy; when the investigating patrolman arrived, he detected an odor of alcohol about defendant's breath and person and observed that defendant's eyes were glassy and red and his face was flushed; defendant advised the patrolman he had been drinking; defendant failed the finger to nose test; defendant received a breathalyzer test approximately one and one-half hours after the collision and the reading showed a blood alcohol content of .18 percent; and when defendant took the test his face was flushed, he had an odor of alcohol about his person, his eyes were red, and his speech was slow, deliberate and slurred.

3. **Automobiles § 129— drunken driving prosecution—question by juror about blood alcohol content**

    In this prosecution for driving under the influence of intoxicants, the trial court did not err in refusing to answer a question submitted by a juror as to what percent of alcohol in the blood is considered intoxicating where the court informed the juror that she need not be concerned about the question posed and then fully and adequately instructed as to the elements of the offense charged and its lesser included offenses.

**4. Automobiles § 129.1— drunken driving prosecution—instructions—contention that liquor consumed after accident**

In a prosecution for driving while under the influence of intoxicants, the trial court sufficiently instructed on defendant's contention that his consumption of intoxicating liquor occurred subsequent to his operation of the vehicle and before he took a breathalyzer test where the court twice in the charge referred to testimony by defendant's sister that she gave defendant a drink of coke and Black Velvet after the collision occurred in order to prevent diabetic shock. Furthermore, the trial court's *lapsus linguae* in stating that defendant did not have a drink before the officer arrived was an immaterial misstatement which was not prejudicial to defendant.

**5. Automobiles § 130— operating vehicle with .10 percent or more blood alcohol—sufficiency of verdict**

The jury's verdict finding defendant "guilty of operating a motor vehicle with .10 percent or more blood alcohol" was not inadequate in failing to find that defendant was operating a vehicle on a highway or public vehicular area when interpreted in the light of the evidence showing that defendant was operating his vehicle on a public highway located in Buncombe County and the court's charge which fully and adequately informed the jury that, in order to find defendant guilty, it had to find defendant was driving on a highway of or within this State.


APPEAL by defendant from *Cornelius, Judge.* Judgment entered 7 January 1981. Heard in the Court of Appeals 12 November 1981.

Defendant was involved in an automobile accident and was cited for operating a motor vehicle on a street or highway while under the influence of intoxicating liquor. He was found guilty in district court. Upon his appeal to the superior court, a mistrial was declared when the jury was unable to reach a verdict. Upon re-trial the jury returned a verdict of guilty "of operating a motor vehicle with .10 percent or more blood alcohol."

From a judgment of special probation pursuant to G.S. 15A-1351, defendant appeals.

*Attorney General Edmisten, by Deputy Attorney General William W. Melvin and Associate Attorney Jane P. Gray, for the State.*

*Lawrence C. Stoker, Assistant Public Defender, 28th Judicial District, for defendant appellant.*

WHICHARD, Judge.

Defendant first contends the court erred in allowing the investigating patrolman and the breathalyzer operator to offer opinions that he had consumed alcoholic beverages in sufficient quantity to impair appreciably his mental and/or physical faculties. He argues that the questions and answers did not relate to a specific time; and that the issue was his condition at the time of the accident, not at the subsequent times when these witnesses observed him.

This court has held such testimony admissible, its weight being for the jury under appropriate instructions. *State v. Griffith*, 24 N.C. App. 250, 210 S.E. 2d 431 (1974) *cert. denied* 286 N.C. 546, 212 S.E. 2d 168 (1975). *See also State v. Lloyd*, 33 N.C. App. 370, 235 S.E. 2d 281 (1977). Each witness here testified as to when he observed defendant and the observations upon which his opinion was based. The court fully instructed regarding these times and observations. The probative value of this evidence was thus for the jury to determine. *State v. Gurley*, 257 N.C. 270, 125 S.E. 2d 445 (1962), the sole authority cited by defendant for this argument, is inapposite.

[2] Defendant next contends the court erred in denying his motions for nonsuit. By introducing evidence defendant waived his motion for nonsuit at the close of the State's evidence and is precluded from urging it as a ground for appeal. G.S. 15-173; *see State v. Mendez*, 42 N.C. App. 141, 256 S.E. 2d 405 (1979). His motion at the close of all the evidence presents the question whether all the evidence, deemed true and considered in the light most favorable to the State, disregarding discrepancies and contradictions, and giving the State the benefit of every inference of fact which may reasonably be deduced therefrom, sufficed to show commission of the offense charged, or of a lesser offense included therein, and defendant as the perpetrator. *State v. Snead*, 295 N.C. 615, 247 S.E. 2d 893 (1978); *State v. Witherspoon*, 293 N.C. 321, 237 S.E. 2d 822 (1977).

The evidence, so considered, showed the following: Defendant, while operating a motor vehicle on U.S. Highway 191 in Buncombe County, drove the vehicle into the rear of another vehicle on that highway. When the other driver observed defendant immediately following the collision, defendant's "eyes looked a little

glassy." When the investigating patrolman arrived, he detected an odor of alcohol about defendant's breath and person and observed that defendant's "eyes were glassy and red and his face had a flushed condition." Defendant advised the patrolman he had been drinking. When defendant walked, "[h]e was swaying." "[H]is balance was swaying, his turning was unsure. On the finger to nose test he completely missed." He received a breathalyzer test approximately one and one-half hours after the collision. The breathalyzer machine was working correctly, and the reading showed a blood alcohol content of .18 percent. When defendant took the test his face was flushed; he had an odor of alcohol about his person; his eyes were red; and his speech was slow, deliberate, and slurred. This evidence, viewed in the light most favorable to the State, fully justified a jury finding that defendant was intoxicated at the time of the collision. *Snead*, 295 N.C. 615, 247 S.E. 2d 893; *State v. Cummings*, 267 N.C. 300, 148 S.E. 2d 97 (1966).

**[3]** Defendant next contends the court erred in refusing to answer the following question submitted by a juror:

> What percent of alcohol in the Blood is considered intoxicating?
>
> General facts about blood alcohol levels.

The court informed the juror it would instruct as to the violation charged, and that she need not be concerned about the question posed. It then fully and adequately instructed as to the elements of the offense charged and its lesser included offenses.

Further, the arguments in defendant's brief with regard to the instructions he contends the court should have given have not been properly brought forward, in that defendant has not complied with Rule 10(b)(2), Rules of Appellate Procedure, which in pertinent part provides: "An exception to the failure to give particular instructions to the jury . . . shall identify the omitted instruction . . . by setting out its substance immediately following the instructions given . . . ." We find no merit in this contention.

**[4]** Defendant next contends the court erred in failing to instruct as to his contention that his consumption of intoxicating liquor occurred subsequent to his operation of the vehicle and before he took the breathalyzer test. Defendant and his sister had testified

that defendant was diabetic; and that to prevent diabetic shock, his sister had given him a drink of Coke and Black Velvet *after* the collision occurred.

Defendant again has not set out in the record the substance of the instruction which he contends was improperly omitted. Appellate Rule 10(b)(2). Further, the court twice in the charge referred to the sister's having given defendant a drink with Black Velvet after the collision. In light of these instructions the *lapsus linguae* in which the court stated "that he did not have a drink before the — did not have a drink before the officer arrived" was an immaterial misstatement which was not prejudicial to defendant. "Ordinarily a misstatement of fact must be brought to the court's attention by counsel for defendant in apt time to afford opportunity for the court to correct it." *State v. Brown*, 280 N.C. 588, 598, 187 S.E. 2d 85, 92, *cert. denied*, 409 U.S. 870, 34 L.Ed. 2d 121, 93 S.Ct. 198 (1972). The misstatement here was not brought to the court's attention. The charge sufficiently met the mandatory requirements of G.S. 15A-1232. This contention is without merit.

[5] Defendant's final contentions relate to the alleged inadequacy of the verdict finding him "[g]uilty of operating a motor vehicle with .10 percent or more blood alcohol." He asserts it is unlawful "to operate any vehicle *upon any highway or any public vehicular area* within this State when the amount of alcohol in [the operator's] blood is 0.10 percent or more by weight," G.S. 20-138(b) (emphasis supplied); the verdict failed to find that he was operating a vehicle on a highway or public vehicular area; he thus has not been found guilty of a criminal offense; and the court therefore erred in entering judgment against him.

Defendant relies on *State v. Medlin*, 15 N.C. App. 434, 190 S.E. 2d 425 (1972), in which the jury returned a verdict of "guilty of driving automobile under the influence" with no finding that defendant drove on a public highway. The court noted that a verdict of "guilty" or "guilty as charged" suffices, but that "when the jury undertakes to spell out its verdict without specific reference to the charge . . . it is essential that the spelling be correct." *Id.* at 436, 190 S.E. 2d at 426. The award of a new trial, however, was based on the cumulative effect of other errors, not on inadequacy of the verdict.

A verdict is to be interpreted in light of the evidence and the charge. *State v. Bunton,* 27 N.C. App. 704, 220 S.E. 2d 354 (1975).

> When, and only when, an incomplete, imperfect, insensible, or repugnant verdict or a verdict which is not responsive to the issues or indictment is returned, the court may decline to accept it and direct the jury to retire, reconsider the matter, and bring in a proper verdict. . . .

> A verdict is not bad for informality or clerical errors in the language . . . if it is such that it can be clearly seen what is intended. It is to have a reasonable intendment and is to receive a reasonable construction and must not be voided except from necessity. . . .

> Although defective in form, if it substantially finds the question in such a way as will enable the court intelligently to pronounce judgment thereon according to the manifest intention of the jury, it is sufficiently certain to be received and recorded.

*State v. Perry,* 225 N.C. 174, 176, 33 S.E. 2d 869, 870 (1945).

All the evidence here indicated defendant was operating his vehicle on Highway 191 when the collision from which this charge arose occurred, and that Highway 191 is a public highway located in Buncombe County, North Carolina. Defendant himself testified he was driving on Highway 191 when the collision occurred. The charge fully and adequately informed the jury that, to return a verdict of guilty of the offense charged or a lesser included offense, it had to find defendant was driving on a highway of or within this state; and that Highway 191 is such a highway. The verdict, interpreted in light of the evidence and the charge, clearly reflects the manifest intention of the jury to find defendant guilty of operating a motor vehicle "upon a highway . . . within this State when the amount of alcohol in [his] blood [was] 0.10 percent or more by weight." G.S. 20-138(b). There was, then, no ambiguity in the verdict; and interpreted in light of the evidence and charge, it was sufficient to support the judgment. *Bunton,* 27 N.C. App. at 710-711, 220 S.E. 2d at 358. *See State v. Jones,* 211 N.C. 735, 190 S.E. 733 (1937) (verdict of "guilty of driving under the influence of liquor" held sufficient in light of evidence and admissions).

No error.

Judges VAUGHN and HILL concur.